J-S96034-16

2017 PA Super 91

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TERRENCE PATRICK ANDREWS | |
| Appellant | No. 914 WDA 2016 |

Appeal from the PCRA Order Dated June 2, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0010169-2008

BEFORE:  BENDER, P.J.E., BOWES, J., and SOLANO, J.

OPINION BY SOLANO, J.:                    **FILED APRIL 07, 2017**

Appellant Terrence Patrick Andrews appeals from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. For the reasons that follow, we vacate the PCRA court's order and remand for further proceedings.

On the evening of May 29, 2008, Appellant repeatedly stabbed his neighbor, Lisa Maas, causing her death. Appellant gave police the following account of the killing, as summarized from our decision addressing Appellant's direct appeal from his conviction, ***Commonwealth v. Andrews***, No. 1113 WDA 2011, at 1-3 (Pa. Super. Feb. 15, 2013) (unpublished memorandum): On the morning of the killing, Maas told Appellant "that he smelled or stunk." Appellant already thought Maas "looked down on him," and her comment "burned [him] up all day." Appellant decided to kill her. He waited for her to return to her apartment, forced his way into the apartment,

and began stabbing her with his scissors. When Maas grabbed a knife to defend herself, Appellant took it from her and used it to stab her. Maas fell to the floor and began to choke on her blood. Appellant put a washcloth in her mouth and secured the washcloth with tape so that he would not hear Maas choking. When the gurgling sounds stopped and Appellant was sure that Maas was dead, he left her apartment.

In the hallway, Appellant encountered two police officers who were responding to a neighbor's call regarding screams. Appellant, who was covered in blood, told the officers, "I did it, take me to jail." He also asked if Pennsylvania had the death penalty. The officers found a pair of scissors and a kitchen knife in Appellant's pants pocket. Appellant was briefly interviewed at the crime scene, and gave the account summarized above. **See Andrews**, No. 1113 WDA 2011, at 2-3.

Appellant was charged with criminal homicide and burglary.[1] He was tried by a jury from March 22-25, 2011. At trial, Appellant offered a diminished capacity defense, presenting expert testimony from Dr. Barbara Ziv that he lacked the ability to form the specific intent to kill.[2] Appellant's

---

[1] 18 Pa.C.S. §§ 2501 and 3502, respectively.

[2] "In asserting a diminished capacity defense, a defendant is attempting to prove that he was *incapable* of forming the specific intent to kill; if the defendant is successful, first degree murder is mitigated to third degree." **Commonwealth v. Travaglia**, 661 A.2d 352, 359 n.10 (Pa. 1995) (emphasis in original), **cert. denied**, 516 U.S. 1121 (1996).

- 2 -

counsel attempted to ask Dr. Ziv whether Appellant's mental illness interfered with his "ability to conform his behavior to the law." Appellant's counsel explained that the testimony was relevant to the issue whether Appellant was guilty but mentally ill. The Commonwealth objected, arguing that the jury could not return a verdict of guilty but mentally ill because Appellant had not offered an insanity defense. The trial court sustained the objection. N.T., Trial, at 418-19. Defense counsel later requested a jury instruction regarding the verdict of guilty but mentally ill, which was denied for the same reason. *Id.* at 556-57. At the conclusion of the trial, the jury found Appellant guilty of first-degree murder and burglary. After the verdict was announced, Appellant's counsel moved to have the verdict molded to guilty but mentally ill; that motion was denied. *Id.* at 667-68.

The trial court proceeded immediately to sentencing, imposing a sentence of life imprisonment for first-degree murder and a consecutive term of five to ten years' incarceration for burglary. This Court affirmed the judgment of sentence on February 15, 2013,[3] and the Supreme Court of Pennsylvania denied Appellant's petition for allowance of an appeal on October 29, 2013. 78 A.3d 1089 (Pa. 2013).

_____

[3] On direct appeal, Appellant claimed that (1) the trial court erred in admitting photographs of the deceased; and (2) the trial court abused its discretion in finding that the verdict was not contrary to the weight of the evidence because the Commonwealth's psychiatric expert was unreliable. *Andrews*, No. 1113 WDA 2011, at 3-4.

On January 8, 2014, Appellant filed his timely *pro se* PCRA petition. Counsel was appointed and, after being given several extensions, filed an amended PCRA petition on December 29, 2015. The amended petition contained one claim: "Trial counsel gave ineffective assistance when she failed to advise Petitioner to plead guilty but mentally ill to the charge of homicide." Amended Pet. at 3. Appellant contended that had he entered a plea of guilty but mentally ill (rather than unsuccessfully pleading not guilty and going to trial on a diminished capacity defense), he would have been entitled to psychiatric treatment while serving his life sentence after conviction. *Id.* at 4.

On May 6, 2016, after reviewing the Amended Petition, the Commonwealth's Answer, and the record, the PCRA court issued a notice of its intent to dismiss Appellant's PCRA petition pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. The PCRA court stated:

> Petitioner alleges that trial counsel was ineffective for failing to advise Petitioner to plead guilty but mentally ill to the charge of homicide. However, Petitioner was not entitled to plead guilty but mentally ill because he did not raise an insanity defense. Importantly, Petitioner did not raise an insanity defense because he did not meet the legal definition of insanity. As such, the underlying claim is without merit, and the Court finds that there is no merit to Petitioner's ineffective assistance of counsel claim. *See Commonwealth v. Spotz*, 47 A.3d 63, 108 n.34 (Pa. 2012) (claims deemed meritless where assertions therein are not explained, developed, or supported by the record factually or legally).

- 4 -

Rule 907 Notice, 5/6/16. On May 10, 2016, Appellant filed a response to the Rule 907 notice,[4] and on June 2, 2016, the PCRA court issued an order denying Appellant's PCRA petition.

On June 27, 2016, Appellant filed a timely notice of appeal. On July 14, 2016, the PCRA court issued an order stating: "The Court set forth in its Notice of Intent to Dismiss, dated May 6, 2016, the Court's reasons for denying Appellant's Post Conviction Relief Act Petition. This satisfies the requirement of Pa. R. App. 1925 that the Court set forth its reasons for issuing the Order Appealed from."[5] Appellant raises the following issue, as stated in his brief:

> Whether trial counsel gave ineffective assistance when she failed to advise Appellant to plead guilty but mentally ill to the charge of homicide?

Appellant's Brief at 4.

Preliminarily, we recognize that in reviewing the propriety of an order granting or denying PCRA relief, this Court is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the

---

[4] The filing was entitled "Response to Notice of Intention to Dismiss; and, in the Alternative, Motion for Leave to File Amended PCRA Petition Pursuant to Rule 905(A) of the Pennsylvania Rules of Criminal Procedure." Appellant did not explain how he would amend the petition if leave were granted.

[5] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement of matters complained of on appeal, and Appellant did not file one.

ruling is free of legal error. ***Commonwealth v. Payne***, 794 A.2d 902, 905 (Pa. Super.), ***appeal denied***, 808 A.2d 571 (Pa. 2002).

Counsel is presumed to have been effective. To overcome this presumption, a PCRA petitioner must plead and prove that: "(1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error." ***Commonwealth v. Natividad***, 938 A.2d 310, 321 (Pa. 2007).

Here, the PCRA court dismissed Appellant's petition without a hearing because it concluded that Appellant's underlying legal claim lacked arguable merit. The PCRA court reasoned that Appellant was not entitled to plead guilty but mentally ill because he did not present an insanity defense at trial. Although the PCRA court did not cite any authority in support of this reasoning, the Commonwealth makes the same argument in its brief, relying on a Crimes Code provision, 18 Pa.C.S. § 314, that provides, in relevant part:

> **§ 314. Guilty but mentally ill**
>
> **(a) General rule.—**A person who timely offers a defense of insanity in accordance with the Rules of Criminal Procedure may be found "guilty but mentally ill" at trial if the trier of facts finds, beyond a reasonable doubt, that the person is guilty of an offense, was mentally ill at the time of the commission of the offense and was not legally insane at the time of the commission of the offense.

**(b) Plea of guilty but mentally ill.**—A person who waives his right to trial may plead guilty but mentally ill. No plea of guilty but mentally ill may be accepted by the trial judge until he has examined all reports prepared pursuant to the Rules of Criminal Procedure, has held a hearing on the sole issue of the defendant's mental illness at which either party may present evidence and is satisfied that the defendant was mentally ill at the time of the offense to which the plea is entered. If the trial judge refuses to accept a plea of guilty but mentally ill, the defendant shall be permitted to withdraw his plea. A defendant whose plea is not accepted by the court shall be entitled to a jury trial, except that if a defendant subsequently waives his right to a jury trial, the judge who presided at the hearing on mental illness shall not preside at the trial.

**(c) Definitions.**—For the purposes of this section and 42 Pa.C.S. § 9727 (relating to disposition of persons found guilty but mentally ill):

(1) "*Mentally ill*." One who as a result of mental disease or defect, lacks substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law.

(2) "*Legal insanity*." At the time of the commission of the act, the defendant was laboring under such a defect of reason, from disease of the mind, as not to know the nature and quality of the act he was doing or, if he did know it, that he did not know he was doing what was wrong.

18 Pa.C.S. § 314.

The Commonwealth misconstrues this statute. Section 314 draws a distinction between a defendant who pleads not guilty and a defendant who pleads guilty. Under Section 314(a), a defendant who pleads **not guilty** may be found by a fact-finder to be guilty but mentally ill only if the defendant "offers a defense of insanity." 18 Pa.C.S. § 314(a); **see Commonwealth v. Hatfield**, 579 A.2d 945, 947 (Pa. Super. 1990). The reason for this rule is that, under Pennsylvania law, mental illness is not a defense to criminal

- 7 -

liability unless the mental illness rises to the level of legal insanity under Section 314(c)(2). This limitation is set forth in Section 315(a) of the Crimes Code:

> The mental soundness of an actor engaged in conduct charged to constitute an offense shall only be a defense to the charged offense when the actor proves by a preponderance of evidence that the actor was legally insane at the time of the commission of the offense.

18 Pa. C.S. § 315(a); *see **Hatfield***, 579 A.2d at 947 (holding that evidence of mental illness is irrelevant to guilt where a defendant does not invoke an insanity defense).[6]

Thus, under Section 314(a), if a defendant wishes to plead not guilty on the basis of his mental illness, he must claim to have been legally insane when he committed the crime. If the fact-finder then agrees that the defendant was insane, it will find the defendant not guilty on the basis of that defense.[7] But if the fact-finder concludes that the defendant committed the crime while he was mentally ill but not insane, it may not acquit him on the basis of the mental illness; instead, it may find the defendant "guilty but mentally ill." Such a verdict then triggers provisions of the Sentencing Code

---

[6] Section 315 contains a definition of legal insanity identical to that in Section 314(c)(2). ***See*** 18 Pa. C.S. § 315(b).

[7] The Mental Health Procedures Act contains procedures for involuntary commitment of individuals found not guilty by reason of insanity. ***See*** Act §§ 304, 305, 404, 406, 50 P.S. §§ 7304, 7305, 7404, 7406.

that enable the defendant to receive mental health treatment while undergoing his criminal punishment. **See** 42 Pa. C.S. § 9727.[8]

---

[8] The Legislature added this "guilty but mentally ill" innovation to Pennsylvania law in 1982, following the acquittal due to mental illness of John W. Hinckley, Jr. for the attempted assassination of President Reagan. **See Commonwealth v. Trill**, 543 A.2d 1106, 1119 (Pa. Super. 1988), **appeal denied**, 562 A.2d 826 (Pa. 1989). To decrease the number of acquittals based on an insanity defense, the 1982 legislation provided juries with a "guilty but mentally ill" verdict as an alternative to finding the defendant not guilty by reason of insanity. **Id.** For persons found guilty but mentally ill, Section 9727 of the Sentencing Code provides, in part:

> **Disposition of persons found guilty but mentally ill.**
>
> **(a) Imposition of sentence.—**A defendant found guilty but mentally ill or whose plea of guilty but mentally ill is accepted under the provisions of 18 Pa.C.S. § 314 (relating to guilty but mentally ill) may have any sentence imposed on him which may lawfully be imposed on any defendant convicted of the same offense. Before imposing sentence, the court shall hear testimony and make a finding on the issue of whether the defendant at the time of sentencing is severely mentally disabled and in need of treatment pursuant to the provisions of the act of July 9, 1976 (P.L.817, No.143), known as the "Mental Health Procedures Act."
>
> **(b) Treatment.—**
>
> (1) An offender who is severely mentally disabled and in need of treatment at the time of sentencing shall, consistent with available resources, be provided such treatment as is psychiatrically or psychologically indicated for his mental illness. Treatment may be provided by the Bureau of Correction, by the county or by the Department of Public Welfare in accordance with the "Mental Health Procedures Act."
>
> (2) The cost for treatment of offenders found guilty but mentally ill, committed to the custody of the Bureau of Correction and transferred to a mental health facility, shall be borne by the Commonwealth.

42 Pa. C.S. § 9727(a), (b).

But in claiming that he should have been advised to plead guilty but mentally ill, Appellant does not rely on Section 314(a). Instead, he relies on Section 314(b), which, by its precise terms, specifically authorizes a defendant to "waive[] his right to trial" and "plead guilty but mentally ill." Contrary to the Commonwealth's argument, Section 314(b) does not condition the ability to plead guilty but mentally ill on the assertion of an insanity defense. Indeed, any such condition would make no sense. An insanity **defense** requires a plea of **not guilty**. Here, Appellant argues that he should have been advised to plead **guilty** but mentally ill. "A plea of guilty constitutes a waiver of all nonjurisdictional defects and defenses" and "waives the right to challenge anything but the legality of [the] sentence and the validity of [the] plea." **Commonwealth v. Jones**, 929 A.2d 205, 212 (Pa. 2007) (citation omitted). Thus, if a defendant pleads guilty but mentally ill and the court accepts that plea, the defendant waives the defense of insanity. There thus would be no reason for a defendant to invoke the defense of insanity before entering a plea of guilty but mentally ill.

We have found no case law discussing the interplay between Sections 314(a) and 314(b) with respect the requirement to assert an insanity defense, but we are confident that the statute authorizes a plea of guilty but mentally ill by a person who does not claim to be insane. We implied as much in **Commonwealth v. Andre**, 17 A.3d 951 (Pa. Super. 2011), where we said that, "**unless a person pleads guilty but mentally ill**, the guilty but mentally ill verdict only arises in the context of a legal insanity defense."

17 A.3d at 961 (emphasis added; explaining interplay among *mens rea*, insanity, and guilty but mentally ill). The Commonwealth cites no case law to the contrary.

We previously addressed a claim that trial counsel was ineffective for not pursuing a guilty but mentally ill plea in **Commonwealth v. Townsend**, 747 A.2d 376 (Pa. Super.), **appeal denied**, 759 A.2d 385 (Pa. 2000). The trial court rejected Townsend's claim of ineffective assistance, and this Court affirmed. In doing so, we noted that Townsend's counsel testified, at the post-sentence hearing,[9] that (1) she did not believe there was enough medical evidence to support a guilty but mentally ill finding; and (2) she discussed the option of pleading guilty but mentally ill with Townsend more than once. 747 A.2d at 383. Further, Townsend had rejected a guilty plea offer "because he wanted to tell his story," and there was no reason to believe that a guilty but mentally ill plea would have been more acceptable to him. **Id.** Notably, this Court did not say that Townsend could plead guilty but mentally ill only if he offered an insanity defense. **Townsend** therefore does not support the Commonwealth's case here.

_____

[9] The issue in **Townsend** was raised on direct appeal. "Until the decision in **Commonwealth v. Grant**[, 813 A.2d 726 (Pa. 2002)], all claims of ineffective assistance of counsel had to be raised at the earliest appropriate stage in the proceedings at which the attorney whose effectiveness was being challenged no longer represented the defendant." 16 West's Pa. Practice, Criminal Practice § 4:22 (footnotes omitted); **see generally** 29 Standard Pa. Practice 2d § 138.51 (discussing when claims of ineffective assistance of counsel should be raised).

We hold that a defendant need not assert an insanity defense before entering a plea of guilty but mentally ill. Accordingly, the PCRA court erred by dismissing Appellant's claim on the ground that he did not assert such a defense. We therefore will vacate the PCRA court's decision and remand for further consideration of Appellant's claim of ineffective assistance. On remand, Appellant will have to establish all three elements of an ineffective assistance claim. Because he contends that he should have been advised to plead guilty but mentally ill, these requirements will include proof that he would have been able to satisfy the trial court "that [he] was mentally ill at the time of the offense to which the plea is entered," as required by Section 314(b), and that the Commonwealth would have agreed to a guilty but mentally ill plea and the court would have accepted a guilty plea on those terms. ***See*** Pa.R.Crim.P. 590.

Order vacated. Case remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/7/2017