J-S23029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JACK WILLIAMS | : | |
| | : | |
| Appellant | : | No. 2901 EDA 2016 |

Appeal from the PCRA Order Dated August 9, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0503781-1997

BEFORE:  OLSON, J., SOLANO, J., and MUSMANNO, J.

JUDGMENT ORDER BY SOLANO, J.:                    **FILED JULY 14, 2017**

Appellant Jack Williams appeals from the order dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, as untimely. We affirm.

The facts leading to Appellant's conviction are not relevant to our disposition.[1] Appellant was convicted of first-degree murder[2] following a jury

---

[1] In brief, on July 13, 1996, Appellant shot Paul Jones several times and killed him as Jones was sitting in the driver seat of his car. Appellant, who was standing outside of the car and arguing with Jones, was angry; Jones' selling of a stolen car to Appellant had caused Appellant to be arrested for auto theft two weeks earlier. ***See*** PCRA Ct. Op., 11/10/16, at 2-3.

[2] 18 Pa.C.S. § 2502(a).

trial in May of 1998, and was thereafter sentenced to life imprisonment.[3] Appellant received no relief following his direct appeal or his first or second PCRA petitions. **See** PCRA Ct. Op. at 1-2.

The instant petition, Appellant's third, was filed *pro se* on August 20, 2012. The PCRA court issued a noticed of its intention to dismiss the petition on June 1, 2016, and Appellant responded on June 17, 2016. The PCRA court dismissed his petition on August 9, 2016. Appellant thereafter filed this timely appeal. **See** PCRA Ct. Op. at 2.

Appellant presents a single issue for our review, which is, "Did [Appellant file] his third PCRA petition timely under 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)[ & ](2) within sixty days?" Appellant's Brief at 3.

"[I]n reviewing the propriety of an order granting or denying PCRA relief, this Court is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error." **Commonwealth v. Andrews**, ___ A.3d ___, 2017 WL 1290747 at * 3 (Pa. Super., Apr. 7, 2017) (citation omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Leon W. Tucker, we conclude that the PCRA court properly denied relief on the basis

---

[3] Appellant was also convicted of possession of an instrument of crime, 18 Pa.C.S. § 907, and carrying a firearm on public streets in Philadelphia, 18 Pa.C.S. § 6108, for which he received lesser sentences.

of the petition's untimeliness. *See* PCRA Ct. Op. at 3-5 (finding that the timeliness of a PCRA petition is a jurisdictional prerequisite; Appellant's petition was facially untimely as it was not filed within a year of when his judgment of sentence became final, *see* 42. Pa.C.S. § 9545(b)(1); Appellant claimed an exception to the one-year time-bar under 42 Pa.C.S. § 9545(b)(1)(iii), which allows for the filing of otherwise late petitions where the petitioner asserts a constitutional right that has been newly recognized by either the Supreme Court of the United States or the Supreme Court of Pennsylvania and has been held by that court to apply retroactively; Appellant based his exception on *Miller v. Alabama*, 132 S.Ct. 2455 (2012)[4]; and the *Miller* decision does not apply to Appellant because he was not under the age of eighteen when he committed the crime for which he was sentenced to life imprisonment[5]).

Thus, we affirm on the basis of the PCRA court's opinion, and we instruct the parties to attach a copy of the PCRA court's opinion of November 10, 2016, to any future filing that references this Court's decision.

---

[4] *Miller* held unconstitutional mandatory sentences of life without parole for juveniles who were under the age of eighteen when they committed the offense for which they were sentenced. *Miller*, 132 S.Ct. at 2460. *Montgomery v. Lousiana*, 136 S.Ct. 718, 736 (2016), held that the rule announced in *Miller* has retroactive effect in cases on collateral review.

[5] While the record does not appear to state Appellant's date of birth, Appellant has admitted that he was eighteen years of age at the time he committed the murder. *See* Appellant's Brief at 6. Information in the public trial court docket shows that Appellant was almost 18 years 5 months old at the time of the murder.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2017

**COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CRIMINAL TRIAL DIVISION**

---

**COMMONWEALTH OF PENNSYLVANIA**

**v.**

CP-51-CR-0503781-1997 Comm. v. Williams, Jack
Memorandum Opinion

**JACK WILLIAMS**



7524061271

**CP-51-CR-0503781-1997**
**2901 EDA 2016**

**OPINION**

---

**LEON W. TUCKER, J.**

This appeal comes before the Superior Court following the dismissal of a Post-Conviction Relief Act ("PCRA")[1] petition filed on August 20, 2012. On August 9, 2016, this court dismissed the PCRA petition for the reasons set forth below.

## I. PROCEDURAL HISTORY

On May 29, 1998, following a jury trial presided over by the Honorable Jane Cutler Greenspan, Jack Williams (hereinafter referred to as "Petitioner") was convicted of first-degree murder, possession of an instrument of crime, and violation of the Uniform Firearms Act. Petitioner was thereafter sentenced to life imprisonment on the murder conviction and lesser terms of incarceration on the remaining charges. On September 16, 1999, following a direct appeal, the Superior Court affirmed the judgment of sentence.[2] The Pennsylvania Supreme Court denied *allocatur* on February 23, 2000.[3]

On February 25, 2001, Petitioner filed his first *pro se* PCRA petition. Counsel was appointed and subsequently filed an amended petition. The PCRA court issued an order denying

---

[1] 42 Pa. Cons. Stat. §§ 9541-9546.
[2] *Commonwealth v. Williams*, 747 A.2d 422 (Pa. Super. 1999) (unpublished memorandum).
[3] *Commonwealth v. Williams*, 751 A.2d 190 (Pa. 2000)

1

the petition as meritless on March 8, 2002. The Superior Court affirmed the lower court's order denying relief on January 14, 2003.

On June 18, 2004, Petitioner filed his second *pro se* PCRA petition. The PCRA court dismissed his petition as untimely on November 18, 2004. The Superior Court affirmed the dismissal on November 2, 2005.[4] The Pennsylvania Supreme Court denied *allocatur* on August 2, 2006.[5]

On August 20, 2012, Petitioner filed the instant *pro se* PCRA petition, his third.[6] Pursuant to Pennsylvania Rule of Criminal Procedure 907, Petitioner was served notice of the court's intention to dismiss his petition on June 1, 2016. Petitioner submitted a response to the Rule 907 notice on June 17, 2016. On August 9, 2016, this court dismissed his PCRA petition as untimely.[7] On August 29, 2016, the instant notice of appeal was timely filed to the Superior Court.

## II. FACTS

The pertinent facts, as previously set forth by the PCRA court are as follows:

In the early morning of July 13, 1996, the victim, Paul Jones was shot multiple times while he was sitting in his car near the intersection of 55th and Beaumont Streets in Philadelphia. Off-duty Philadelphia Police Officer Clyde Frasier awoke in his home on 56th and Beaumont Streets to the sound of gunfire. As he rushed to get his clothes on and grab his gun, Officer Frasier heard several more shots, followed by the sound of a car crash. When he arrived on the scene, Officer Frasier found a crashed car in which the driver was slumped over. Both the victim and the vehicle were visibly shot up. Soon after, a rescue team arrived and discovered the victim's body slumped over from the driver's seat to the passenger's side. The driver's window was rolled down. The victim was pronounced dead at the scene from multiple gunshot wounds.

---

[4] *Commonwealth v. Williams*, 890 A.2d 1109 (Pa. Super. 2005) (unpublished memorandum).
[5] *Commonwealth v. Williams*, 903 A.2d 1234 (Pa. 2006).
[6] Petitioner filed an amended petition on March 16, 2016 that was reviewed jointly with his initial PCRA petition.
[7] The Honorable Leon W. Tucker issued the order and opinion in this matter in his capacity as Supervising Judge of the Criminal Section of the Court of Common Pleas of Philadelphia – Trial Division, as of March 7, 2016, as the trial judge is no longer sitting.

The evidence at trial established that two weeks prior to the murder, on June 30, 1996, [Petitioner] had been arrested for auto theft. [Petitioner] testified that it was the victim who had "sold" him the stolen car for $150. [Petitioner] stated that he was angry and mad at having been arrested for the stolen car, that he wanted his money back, and that "I got burned." Further testimony revealed that [Petitioner] told a witness he was going to retaliate against the victim for selling him a stolen car and that he was going to "kill him when he sees him." Another witness testified that the morning of the murder he heard an argument between Jones and [Petitioner] when Jones drove up to the corner to purchase drugs. [Petitioner] pulled out a gun and the witness heard one shot but while the witness was fleeing from the scene. The medical examiner testified that the victim died as a result of multiple gunshot wounds that had perforated his chest and lung. These wounds were consistent with the victim having been seated in the driver's seat while the shooter was aiming his gun into the driver's open window from as close as one foot away. The firearms specialist testified that eight fired cartridge cases were recovered, and that seven of the eight bullets fired were caliber .380. Another witness for the prosecution testified that several days after the shooting, [Petitioner] told him he "killed the white guy" and admitted to having used a .380 caliber weapon.

PCRA Court Opinion, 3/8/02 at 2-3 (citation to the notes of testimony omitted).

## III. DISCUSSION

### A. Petitioner's current PCRA petition was manifestly untimely.

Petitioner's PCRA petition challenging the legality of his sentence was facially untimely. As a prefatory matter, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Robinson*, 12 A.3d 477 (Pa. Super. 2011). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa. Cons. Stat. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3).

Petitioner's judgment of sentence became final for PCRA purposes on May 23, 2000, ninety days after the Pennsylvania Supreme Court denied *allocatur* and time period for filing a petition for writ of *certiorari* in the United States Supreme Court expired. *See id.*; U.S. Sup. Ct.

3

R. 13 (effective January 1, 1990). Petitioner's instant petition, filed on August 20, 2012 was therefore untimely by approximately eleven years. *See* 42 Pa. Cons. Stat. § 9545(b)(1).

**B. Petitioner was not eligible for the limited timeliness exception enumerated in *42 Pa. Cons. Stat. § 9545(b)(1)(iii)*.**

Despite the one-year deadline, the PCRA permits the late filing of a petition where a petitioner alleges and proves one of the three narrow exceptions to the mandatory time-bar under subsections 9545(b)(1)(i)-(iii). To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* § 9545(b)(1)(i)-(iii).

In attempt to overcome the PCRA's time-bar, Petitioner argued that his petition fell within the "newly-recognized constitutional right" exception, § 9545(b)(1)(iii).[8] Specifically, Petitioner invoked the new constitutional right announced in *Miller v. Alabama*, 1323 S.Ct. 2455 (2012). Although the United States Supreme Court in *Montgomery v. Louisiana* 136 S.Ct. 718

---

[8] Subsection (iii) of Section 9545[(b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. . . These words mean that the action has already occurred, *i.e.,* "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed. *Commonwealth v. Copenhefer,* 941 A.2d 646, 649–50 (Pa. 2007) (quoting *Commonwealth v. Abdul–Salaam,* 812 A.2d 497, 501 (Pa. 2002)).

4

(2016), *as revised* (Jan. 27, 2016) ruled that *Miller* has retroactive effect in cases on state collateral review, the *Miller* holding specifically limited itself to juveniles under the age of eighteen years who were sentenced to life without parole. *Miller,* 132 S.Ct. at 2460. Although Petitioner was sentenced to life imprisonment, he was admittedly over the age of eighteen at the time of the offense, placing his sentence outside the reach of the Supreme Court's *Miller* decision.

## IV. CONCLUSION

This court has once again evaluated an untimely collateral petition (his third) filed by Mr. Williams. Petitioner failed to demonstrate that his petition fell within the purview of subsection 9545(b)(1)(iii). Accordingly, for the reasons stated herein, the decision of the court dismissing the PCRA petition should be affirmed.

**BY THE COURT:**

LEON W. TUCKER, J. /NV