J-S56023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CEA JAY CHATTIN, | : | |
| | : | |
| Appellant. | : | No. 626 MDA 2018 |

Appeal from the Judgment of Sentence, March 8, 2018,
in the Court of Common Pleas of Columbia County,
Criminal Division at No(s): CP-19-CR-0000281-2015.

BEFORE: GANTMAN, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED DECEMBER 07, 2018**

Cea Jay Chattin appeals from the judgment of sentence imposed after he entered a guilty but mentally ill plea to first-degree murder.[1]  We affirm.

The pertinent facts and procedural history may be summarized as follows:  On March 29, 2015, Chattin was charged with criminal homicide and related charges after he shot his roommate in the head causing his death.  On May 26, 2017, Chattin filed an omnibus pre-trial motion in which he sought the suppression of evidence and filed notice of a mental infirmity defense. After a hearing, the trial court denied the motion on August 1, 2017.

While in custody, Chattin underwent a series of psychiatric evaluations and testing.  On January 8, 2018 the trial court accepted Chattin's plea of guilty but mentally ill to first-degree murder, and all other charges were

_____

[1] 18 Pa.C.S.A. § 2502(a).

withdrawn. On March 8, 2018, the trial court sentenced him to life imprisonment. On March 26, 2018, the trial court denied Chattin's post-sentence motion. This appeal followed. Both Chattin and the trial court have complied with Pa.R.A.P. 1925.

Chattin raises the following issues on appeal:

A. Whether the trial court erred in its sentence by failing to consider mitigating factors and sentencing Chattin to a lifetime sentence?

B. Whether the trial court erred in denying Chattin's motion for suppression?

*See* Chattin's Brief at 7.

In his first issue, Chattin attempts to challenge the discretionary aspects of his sentence. *See* Chattin's Brief at 16-17. At the guilty plea hearing, Chattin acknowledged that, even though he was pleading guilty but mentally ill, he was still facing a mandatory life sentence for his first-degree murder conviction. N.T., 1/8/18, at 13. The trial court repeated the mandatory nature of the sentence required for the murder conviction at sentencing. N.T., 3/8/18, at 2. Thus, because the trial court lacked any discretion when imposing his sentence, Chattin's first claim fails.[2]

---

[2] Nevertheless, our review of the record supports the trial court's statement that, "[e]ven if the sentence were not mandatory, the sentence would have been the same for this senseless killing." PCRA Court Opinion, 5/15/18, at 2. *See also* N.T. 3/8/18, at 16 (trial court stating "a life sentence is extraordinarily appropriate in this case).

- 2 -

In his remaining issue, Chattin challenges the trial court's denial of his suppression motion. Chattin concedes that "[a] plea of guilty constitutes a waiver of all nonjuridictional defects and defenses" and "waives the right to challenge anything but the legality of [the] sentence and the validity of [the] plea." Chattin's Brief at 21 (quoting **Commonwealth v. Andrews**, 158 A.3d 1260, 1265 (Pa. Super. 2017). Despite this well-established principle, Chattin cites this Court's recent decision in **Commonwealth v. Singleton**, 169 A.3d 79, 81-82 (Pa. Super. 2017) to argue that we are permitted to review the merits of his suppression claim. We disagree.

In **Singleton**, the defendant attempted to enter a conditional plea agreement by reserving the right to appeal the trial court's suppression order. We noted that, [w]hile our courts have not specifically addressed the validity of conditional plea agreements, our courts have proceeded to review the merits of issues specifically reserved in plea agreements. **Singleton**, 169 A.3d at 81-82 (discussing cases). Thus, in **Singleton**, we reached the merits of the appellant's suppression claim because "the trial court accepted [the appellant's] *conditional* plea agreement reserving the right to appeal the denial of his suppression motion." **Id.** at 82 (emphasis added).

Here, the record establishes that the only condition listed in Chattin's plea agreement was that, in return for his plea, the Commonwealth would withdraw all of the remaining charges. The Commonwealth did so. Thus, as

Chattin did not reserve the right to appeal the denial of his suppression motion, his second issue on appeal fails.[3]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/07/2018

---

[3] Chattin argues that, "[i]f the courts can reconsider what issues can be appealed in [**Singleton**,] they can do the same for cases of such a degree where life imprisonment [is] on the line." Chattin's Brief at 23. He cites no case authority to support his assertion.