J-S55037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| TARENCE MICHAEL MOSEY | : | |
| | : | |
| Appellant | : | No. 571 WDA 2019 |

Appeal from the PCRA Order Entered April 8, 2019
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001854-2016

BEFORE: MURRAY, J., McLAUGHLIN, J., and COLINS, J.*

CONCURRING & DISSENTING MEMORANDUM BY MURRAY, J.:

FILED: January 10, 2020

I agree with the majority that the PCRA court properly denied Appellant's motion for recusal. However, I respectfully disagree that Appellant is entitled to relief on his claim that Trial Counsel, Robert Donaldson, Esquire, was ineffective for failing to explain all the elements of homicide by vehicle while driving under influence (homicide by DUI). [1] Accordingly, I concur and dissent.

I incorporate the relevant law set forth in the Majority's memorandum. **See** Maj. Memo. at 7-9. I further emphasize:

---

* Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3735 ("A person who unintentionally causes the death of another person as the result of a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) and who is convicted of violating section 3802 . . . is guilty" of homicide by vehicle while driving under influence.).

> We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. . . . "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions."

*Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015) (citations omitted).

> Our Supreme Court has repeatedly stressed that where the totality of the circumstances establishes that a defendant was aware of the nature of the charges, the plea court's failure to delineate the elements of the crimes at the oral colloquy, standing alone, will not invalidate an otherwise knowing and voluntary guilty plea. "Whether notice [of the nature of the charges] has been adequately imparted may be determined from the totality of the circumstances attendant upon the plea[.]"

*Commonwealth v. Morrison*, 878 A.2d 102, 107 (Pa. Super. 2005) (*en banc*) (citations omitted).

First, I disagree with the Majority's assessment that Trial Counsel's testimony at the PCRA hearing demonstrated a misunderstanding of the causation element of homicide by DUI. **See** Maj. Memo. at 14-15 (quoting N.T., 4/2/19, at 84) (Trial Counsel stating, "I believe [the causation element] was self evident. I'm not sure that we actually had a discussion about that," and replying "No," when asked if "causation [was] ever an issue"). To the contrary, Trial Counsel stated that he understood the elements of homicide by DUI and, specifically, that he discussed the causation element with Appellant:

> [Appellant:] Under homicide by vehicle while DUI the [elements are:] Violation of DUI, Section 3802[;] death of another person[;] and death is a direct and substantial result of the DUI. Are you aware of those elements?

> [Trial Counsel:] Yes.

Q. Are you aware that you only made me aware of two of those elements?

A. **I don't think so. We had many discussions about the elements and that sort of thing.**

N.T., 4/2/19, at 73 (emphasis added).

The credibility of Trial Counsel's testimony was for the PCRA court to determine. **See Mason**, 130 A.3d at 617. The Majority, however, overlooks the PCRA court's findings of fact. The PCRA court opined:

During his testimony, [Trial Counsel] stated that he had many discussions with [Appellant] relative to the elements of the most serious offenses. [Trial Counsel] indicated that the alleged "missing" element, *i.e.*, causation of death, was "self-evident", as there was no dispute that [Appellant] was operating a motor vehicle on the date in question that came into contact with [the victim], resulting in her death and the death of her unborn child. [Appellant] has never disputed the fact that his vehicle came into contact with [the victim] on the night in question.

Quite simply, [Appellant's] claim is refuted by the written guilty plea colloquy that he completed; **the testimony of [Trial Counsel], which we find to be credible**; and the underlying factual circumstances of the incident itself.

PCRA Court Opinion, 4/8/19, at 17 (emphasis added).

Trial Counsel testified that in this particular case and with respect to the offense of homicide by DUI, the question of causation was "self evident" and did not present an issue to the defense ahead of trial. N.T., 4/2/19, at 84. The PCRA court credited this testimony, finding Appellant was aware that causing someone's death while DUI was an element of the offense. PCRA Court Opinion, 4/8/19, at 17; **see also** 75 Pa.C.S.A. § 3735.

Viewing the evidence in the light most favorable to the Commonwealth

as the prevailing party, and deferring to the PCRA court's credibility findings, *see Mason*, 130 A.3d at 617, I disagree with the Majority's conclusion that Trial Counsel failed to properly advise Appellant of all the elements of homicide by DUI. I would affirm the PCRA court's denial of relief on this issue. *See Morrison*, 878 A.2d at 107. In light of this disposition, I would address the merits of Appellant's remaining issues, but conclude no relief is due.

Appellant presents five additional claims for our review:

1. Was . . . Appellant's rights under *Birchfield* violated, and was counsel ineffective in failing to file suppression motions, or to appeal the issue? Where there was a clear violation under *Birchfield*?[2]

2. Was counsel ineffective in failing to file motions for change of venue, where the community was inundated by the media concerning . . . Appellant and it would have been impossible for . . . Appellant to have received a fair trial?

3. Was Appellant denied an opportunity to a fair trial, where counsel failed to object to jury selection process which excluded African Americans from the jury pool?

\* \* \*

6. Was Counsel ineffective in failing to file post-sentence motions? And did the court fail to set forth on the record that Appellant was never told about his need to file post sentence motions within ten (10) days, and that he had a right of direct appeal, that had to be filed within 30 days, and his right to counsel? And regardless of counsel if the record fails to disclose the time frame, etc. . . . Appellant should be granted *nunc-pro-tunc* relief?

---

[2] *Birchfield v. North Dakota*, 136 S. Ct. 2160 (2016). Generally, the *Birchfield* Court held that a search warrant was required for a blood alcohol test and that a state cannot "impose criminal penalties on the refusal to submit to such a test." *Commonwealth v. Olson*, 218 A.3d 863, 866 (Pa. 2019).

7. Was Appellant denied effective assistance of counsel where Appellant was under medication at the time of the plea, which sets forth mitigation, as such was counsel ineffective?

Appellant's Brief at 2.

First, Appellant avers that Trial Counsel was ineffective for not filing a motion to suppress the blood alcohol test results. He contends that his consent to a blood alcohol test, given at the time of his arrest, was invalid pursuant to *Birchfield*. The PCRA court aptly pointed out, however, that while Trial Counsel did not file a suppression motion, he orally moved to suppress the blood alcohol test evidence, citing *Birchfield*, at a pre-trial hearing on the Commonwealth's motion *in limine* to introduce that same evidence. PCRA Court Opinion, 4/8/19, at 8 n.1. I would thus affirm the PCRA court's denial of relief on this issue. Furthermore, I note that in pleading guilty, Appellant waived any issue pertaining to the suppression or admission of evidence. *See Commonwealth v. Andrews*, 158 A.3d 1260, 1265 (Pa. Super. 2017) ("'A plea of guilty constitutes a waiver of all nonjurisdictional defects and defenses' and 'waives the right to challenge anything but the legality of [the] sentence and the validity of [the] plea.'").

In his next two issues, Appellant assails Trial Counsel's ineffectiveness on the basis that: 1) Trial Counsel was ineffective for failing to file a motion to change venue; and 2) Trial Counsel failed to object to the jury selection, where no African Americans were included in the potential jury pool. I would affirm the denial of relief on these two claims because they arise from the

alleged denial of a fair trial, where, here, Appellant pled guilty. ***Andrews***, 158 A.3d at 1265.

Appellant's next claim is that Trial Counsel was ineffective for not filing a motion to withdraw his guilty plea, a post-sentence motion, or a direct appeal. We have stated: "[B]efore a court will find ineffectiveness of counsel for failing to file a direct appeal, the petitioner must prove that he requested a direct appeal and the counsel disregarded the request." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1244 (Pa. Super. 2011).

Here, the PCRA court credited Trial Counsel's testimony that Appellant did not communicate, either directly or otherwise, a desire to withdraw his plea. PCRA Court Opinion, 4/8/19, at 15; ***see*** N.T., 4/2/19, at 90-91. Furthermore, the court found Appellant's testimony that he wanted Trial Counsel to file a post-sentence motion or appeal not credible. PCRA Court Opinion, 4/8/19, at 15; ***see*** N.T., 4/2/19, at 18. Again, deferring to the PCRA court's credibility determinations, I would affirm the denial of relief. ***See Mason***, 130 A.3d at 617; ***Ousley***, 21 A.3d at 1244. I further note that Appellant does not identify any post-sentence or appellate issue that he wished to litigate — or upon which he was entitled to relief.

In his final issue, Appellant argues Trial Counsel was ineffective for not investigating the effects of the medications he was taking at the time of his guilty plea. Appellant's Brief at 29. Appellant further claims that he "was coerced" by Trial Counsel to plead guilty. ***Id.***

This Court has stated:

> With regard to an attorney's duty to investigate, the Supreme Court has noted that the reasonableness of a particular investigation depends upon evidence known to counsel, as well as evidence that would cause a reasonable attorney to conduct a further investigation. With regard to the voluntariness of a plea, a guilty plea colloquy must "affirmatively demonstrate the defendant understood what the plea connoted and its consequences." Once the defendant has entered a guilty plea, "it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him."

*Commonwealth v. Willis*, 68 A.3d 997, 1002 (Pa. Super. 2013) (citations omitted). In *Willis*, the defendant asserted that "his guilty plea was involuntarily and unlawfully induced by the ineffective assistance of guilty plea counsel," who allegedly failed to investigate the defendant's mental health issues. *Id.* at 1001. The defendant also asserted that at the time of the plea, he was under the influence of prescribed psychotropic medication. *Id.* This Court affirmed the denial of PCRA relief, concluding that the defendant was bound by the statements he had made, under oath in his plea colloquy, that he was not under the influence of medication and that he understood the proceedings. *Id.* at 1008-09.

Likewise, Appellant, in this case, executed a written plea colloquy in which he stated that he was currently treated for PTSD and depression, and had taken "sleeping medication and depression meds." Guilty Plea Colloquy Form, 10/10/17, at 2, 3. Nevertheless, Appellant responded "yes" to the question "[D]o you still feel that you have sufficient mental capacity to understand this questionnaire and the answers that you are giving?" *Id.* at

3. Appellant also responded "no" to the query, "Has any force or threat been used against you by anyone to have you plead guilty?" *Id.* at 8. Additionally, during the oral colloquy, Appellant stated "No, sir," to the trial court's question, "Are you in any way under the influence of any drug, alcohol or medication here this morning?" N.T., 10/10/17, at 22. Appellant was bound by these statements and cannot now claim that Trial Counsel failed to investigate whether his medications caused him to enter an involuntary plea. *See Willis*, 68 A.3d at 1002, 1008-09. Accordingly, no relief would be due.

For the foregoing reasons, I would affirm the orders of the PCRA court denying Appellant's motion to recuse and PCRA petition.