J-S26019-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| EUGENE M. PRATT | : | |
| | : | |
| Appellant | : | No. 1351 WDA 2019 |

Appeal from the PCRA Order Entered August 15, 2019
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0001261-2014

BEFORE:   MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:         **FILED SEPTEMBER 17, 2020**

Eugene Pratt appeals from the order denying his petition filed under the Post Conviction Relief Act (PCRA). **See** 42 Pa.C.S.A. §§ 9541-9546. Pratt claims his trial counsel was ineffective due to her failure to call two witnesses. We affirm.

Pratt was arrested on in July 2014 for charges relating to an incident involving two victims, Ashley Weakland and Tyler Rockwell, at the home of Pratt's cousin, Deb Call. N.T., 3/9/16, at 15, 30. Pratt arrived looking for Weakland, claiming that she had stolen his cell phone. **Id.** at 16, 32. Weakland testified that Pratt cornered her in the bathroom and held a knife against her neck while demanding the cell phone, which Weakland said did not belong to Pratt, but rather to Weakland. **Id.** at 32-36. Weakland testified that as she

_____

[*] Retired Senior Judge assigned to the Superior Court.

reached for the cell phone, Pratt cut her hand with the knife, causing her to drop the cell phone. *Id.* at 36. Rockwell went into the bathroom to intervene, and Pratt turned on Rockwell and held the knife to Rockwell's throat and threatened to cut him, stating, "[S]hut up boy I'll slice you too." *Id.* at 19. Pratt then grabbed the cell phone, exited the house, and drove away in a vehicle. *Id.* at 21, 38.

Pratt testified in his own defense and said that Weakland had taken Pratt's vehicle and rented it to another woman. *Id.* at 85, 88. Pratt said that when he got the vehicle back, several of his belongings were missing, including his cell phone. *Id.* at 88. Pratt also testified that there was no cutting or threatening. *Id.* at 90-91. He claims he forced his way into the bathroom, grabbed the cell phone, and left the home. *Id.* at 90.

Following trial, a jury convicted Pratt of Terroristic Threats and Simple Assault, and the trial court, sitting without a jury, found him guilty of the summary offense of Harassment.[1] The court sentenced Pratt in March 2016 to an aggregate term of 33 to 90 months' imprisonment. This Court affirmed the judgment of sentence in April 2018.

In December 2018, Pratt filed a *pro se* PCRA petition, claiming his trial counsel was ineffective. After the court appointed counsel, Pratt filed an amended petition claiming his counsel was ineffective for failing to call two witnesses, Deb Call and Bernard Richardson.

---

[1] **See** 18 Pa.C.S.A. §§ 2706, 2701, and 2709, respectively.

The PCRA court held an evidentiary hearing, at which both Pratt and trial counsel testified. According to Pratt, Deb Call would have testified that the attack did not occur, and Richardson would have testified that he saw Weakland with Pratt's phone and truck. N.T., 6/7/19, 6-7. Pratt said that he informed counsel of the witnesses and that he believed such testimony would have proven his innocence. *Id.* at 7-8.

Counsel also testified. She said she met with Pratt repeatedly and knew that Pratt wanted to subpoena Call to testify because she could potentially provide exculpatory evidence. *Id.* at 18. Counsel said that she spoke with Call, who reported that she did not witness the incident. *Id.* at 18-19. Counsel said she consulted Pratt on this matter, and they reached a joint decision not to have Call testify. *Id.* at 21. She further testified that Pratt never asked her to contact Richardson and did not provide her with Richardson's contact information. *Id.* at 21-22. Counsel knew of Richardson but did not seek testimony from him because even if he said he saw Weakland with Pratt's phone and truck, that would not have exculpated Pratt from the charges relating to the attacks. *Id.* Neither Richardson nor Call testified at the hearing, and Pratt did not provide a certification or affidavit from either of them setting forth their testimony or stating that they were willing and available to testify for Pratt.

The PCRA court found trial counsel's testimony credible and denied relief. Pratt filed this timely appeal. He raises one issue on appeal: "whether

the PCRA [c]ourt did err in not finding ineffective assistance of trial counsel." Pratt's Br. 5.

On appeal from the denial of PCRA relief, "we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error." *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court." *Id.* "However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions." *Id.*

"Counsel is presumed to have been effective." *Commonwealth v. Andrews*, 158 A.3d 1260, 1263 (Pa.Super. 2017). A petitioner claiming otherwise "must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." *Spotz*, 84 A.3d at 311. Failure to satisfy any one prong of this test will result in denial of the claim. *Id.*

To establish counsel was ineffective for failing to call a witness, the petitioner must prove:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Johnson*, 966 A.2d 523, 536 (Pa. 2009) (quoting *Commonwealth. v. Washington*, 927 A.2d 586, 599 (Pa. 2007)).

The PCRA court properly rejected Pratt's ineffectiveness claim. Nothing in the record suggests either witness was willing and able to testify for the defense. Moreover, the PCRA court credited counsel's testimony that Call did not see the incident and counsel and Pratt jointly agreed not to present Call's testimony, and that Richardson's proposed testimony would not have exculpated Pratt. The PCRA court's findings have ample support in the record and it did not err in denying Pratt's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/17/2020