J-S38026-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW STEPHEN STARR | : | |
| | : | |
| Appellant | : | No. 390 WDA 2021 |

Appeal from the PCRA Order Entered March 11, 2021
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001041-2017

BEFORE:    BENDER, P.J.E., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                          **FILED: MARCH 8, 2022**

Appellant, Matthew Stephen Starr, appeals from the order entered in the Court of Common Pleas of Blair County dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. After careful review, we affirm.

While employed as an officer of the Pennsylvania State Police, Appellant engaged in money laundering and deposited charitable donations into his bank account to, in part, cover gambling debts. As a result, the Commonwealth charged Appellant with twelve counts of theft and fraud offenses. On February 6, 2019, a jury convicted Appellant of six of the twelve charged offenses, including Dealing in Proceeds of Unlawful Activity ("DPUA"). On April 23, 2019,

_____

[*] Retired Senior Judge assigned to the Superior Court.

the court sentenced Appellant to an aggregate term of five years' probation. Appellant did not file a post-sentence motion or direct appeal.

On April 13, 2020, Appellant filed a PCRA petition alleging that his trial counsel was ineffective for failing to file a direct appeal on his behalf and seeking permission to file a direct appeal *nunc pro tunc*. On December 8, 2020, the court held a hearing on Appellant's petition at which Appellant, Appellant's father, and trial counsel testified. Appellant also entered into evidence numerous emails he exchanged with trial counsel before sentencing about the potential for filing an appeal.

On March 9, 2021, the PCRA court dismissed Appellant's petition. As discussed below, the court concluded that trial counsel provided a reasonable explanation for his decision not to file a direct appeal—specifically, that challenging Appellant's convictions was not in Appellant's interest because of the favorable nature of the sentence imposed for Appellant's DPUA conviction. Appellant timely filed a notice of appeal and both he and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises a single issue for our review:

> Did the PCRA court abuse its discretion when it found prior counsel was not ineffective for failing to file a direct appeal on Appellant's behalf thus causing his appellate right to lapse?

Appellant's Br. at 2.

In reviewing an appeal from the denial of PCRA relief, "this Court is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error." ***Commonwealth***

*v. Andrews*, 158 A.3d 1260, 1263 (Pa. Super. 2017) (citation omitted). Our scope of review is restricted to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the Commonwealth as the prevailing party. *Commonwealth v. Medina*, 92 A.3d 1210, 1214 (Pa. Super. 2014). Crucially, the PCRA court's credibility determinations are binding on this Court when supported by the record. *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. Super. 2011).

Appellant asserts that his trial counsel was ineffective for failing to file a direct appeal on his behalf. Appellant admits, however, that he did not ask counsel to file an appeal. Appellant's Br. at 5. In such circumstances, to prove ineffective assistance of counsel, the appellant must establish that (1) counsel had a duty to consult the appellant about his appellate rights either because "a rational defendant would want to appeal" or the appellant "reasonably demonstrated to counsel that he was interested in appealing"; (2) counsel's actions lacked an objective reasonable basis; and (3) "but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Commonwealth v. Markowitz*, 32 A.3d 706, 716 (Pa. Super. 2011) (citations omitted).

In support of his claim, Appellant references the emails he exchanged with trial counsel before sentencing that established his interest in filing an appeal. Appellant's Br. at 5-6. *See* N.T. Hr'g, 12/8/20, at Defense Exhibits 1-8. He argues that these emails endowed his counsel with a duty to consult

him about an appeal. Appellant's Br. at 5-8. Appellant asserts that had he been consulted, he would have instructed counsel to file an appeal. *Id.*

The PCRA court dismissed Appellant's petition on the basis that despite the pre-sentence emails, counsel acted on an objective, reasonable basis in not filing an appeal. PCRA Ct. Op., 3/11/21, at 6-7. Relevant to its analysis, the court explained that Appellant received a favorable sentence for his conviction for DPUA. *Id.* at 7. The court sentenced Appellant to a $500 fine, costs of prosecution, and five years' probation. *Id.* The conviction, however, includes a mandatory "fine of $100,000 or twice the value of the property involved in the transaction or to imprisonment for not more than 20 years, or both."[1] *Id.* The court did not impose the mandatory penalty.

The PCRA court credited counsel's testimony that he advised Appellant not to appeal because it would "jeopardize[] the favorable sentence[.]"[2] *Id.* at 6. *See also id.* at 7 (crediting counsel's testimony that he "explain[ed] to his client that an appeal jeopardized the sentence [for DPUA]."). Counsel testified:

> I advised [Appellant] that to file an appeal meant that the other charges came back on board and specifically I told him that the sentencing guidelines called for a period of incarceration and specifically I talked about [DPUA], which actually by statute calls for a significant fine or twice the amount of the transaction or

---

[1] 18 Pa.C.S. § 5111(b).

[2] In its Rule 1925(a) Opinion, the PCRA court acknowledged that, if it granted *nunc pro tunc* relief to Appellant, the Commonwealth would have the right to file a cross-appeal challenging the legality and discretionary aspects of Appellant's sentence. PCRA Ct. Op., 5/19/21, at 2.

> $100,000 and/or a period of incarceration. I'm very familiar with that statute and in fact I remember the Deputy Attorney General objecting to [the court's] sentence on that particular count. Again, I felt that we had received a warranted but very favorable sentence from the [j]udge.
>
> * *
>
> My advice to him was to not file an appeal given the verdicts and the favorable sentence that he received.

N.T. Hr'g at 8, 14. Appellant admits that after this conversation, he did not request that counsel file an appeal on his behalf. *Id.* at 38-39.

Based on counsel's testimony, the court reasoned, it was "incumbent upon [Appellant] to provide his attorney with express direction concerning an appeal since [a lack of] direction could reasonably be [interpreted] as acquiescence in the judgment of counsel." PCRA Ct. Op. at 7. In other words, the court found that, because counsel advised Appellant not to appeal, and Appellant admits that he did not explicitly request an appeal, it was reasonable for counsel to interpret Appellant's silence as agreement not to appeal.

The record supports the PCRA court's determination. Considering counsel's advice not to appeal, the risks involved in appealing, and Appellant's failure to instruct counsel to file an appeal, it was reasonable for counsel to surmise that Appellant did not wish to pursue a direct appeal. Thus, the record supports the PCRA court's finding that Appellant's trial counsel's conduct was reasonable and, therefore, counsel was not ineffective.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  3/8/2022