J-S29021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| SHAMSIDDIN Q. SALLAM | |
| Appellant | No. 1451 EDA 2016 |

Appeal from the PCRA Order April 14, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006240-2011
CP-51-CR-0006241-2011

BEFORE: LAZARUS, J., SOLANO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SOLANO, J.:                           **FILED JULY 20, 2017**

Appellant, Shamsiddin Sallam, appeals the order of the Court of Common Pleas of Philadelphia County, entered April 14, 2016, that denied without a hearing his first petition filed under the Post Conviction Relief Act ("PCRA").[1] We affirm the order on the basis of the PCRA court's opinion.

In its opinion, the PCRA court fully and correctly set forth the relevant facts and procedural history of this case. *See* PCRA Ct. Op., 4/14/16, at 1-4. Appellant was arrested and charged on April 12, 2010, with murder and related offenses for the fatal shootings of Gregory Jarvis and Harry Williams. On October 11, 2012, a jury found Appellant guilty of two counts of first-

_____

* Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

degree murder, as well as robbery, carrying a firearm without a license, carrying a firearm on public streets in Philadelphia, and possession of an instrument of crime.[2]  On December 6, 2012, Appellant was sentenced to imprisonment for a term of life followed by ten to twenty years.[3]  Appellant filed a direct appeal on December 13, 2012.  This Court affirmed the judgment of sentence on October 10, 2013.[4]

On February 10, 2015, Appellant filed a timely *pro se* PCRA petition. Counsel appointed for Appellant filed an amended petition on January 4, 2016.[5]  That petition challenged (1) the effectiveness of trial counsel for failing to request a mistrial after the trial court sustained his objection to a comment made by the prosecutor during opening argument at his jury trial,[6] and (2) the effectiveness of appellate counsel for waiving a claim regarding

---

[2] 18 Pa.C.S. §§ 2502(a), 3701, 6106, 6108, and 907(a), respectively.

[3] The trial court imposed a mandatory sentence of life imprisonment without parole for each count of murder of the first degree, and shorter terms of imprisonment for the lesser charges, to be run concurrently.  Appellant was also sentenced to a consecutive term of ten to twenty years' imprisonment on the charge of robbery.

[4] **Commonwealth v. Sallam**, 87 A.3d 881 (Pa. Super. 2013) (unpublished memorandum), **appeal denied**, 87 A.3d 319 (Pa., Mar. 12, 2014).

[5] In light of the amended petition, the PCRA court properly declined to address the claims in Appellant's *pro se* PCRA petition.  **See** PCRA Ct. Op. at 5 n.2 (citing **Commonwealth v. Jette**, 23 A.3d 1032, 1044 (Pa. 2011) (PCRA counsel is presumed to raise all meritorious issues within an amended petition)).

[6] On Appellant's direct appeal, this Court had held that trial counsel failed to preserve this issue for appellate review by failing to request a mistrial.

another comment made by the prosecutor during opening argument.[7] On March 15, 2016, the PCRA court issued a notice of its intent to dismiss Appellant's petition without a hearing, pursuant to Pa.R.Crim.P. 907.[8] The PCRA court dismissed Appellant's petition on April 14, 2016. This appeal followed.

Appellant raises the following issue for our review:

Did the Honorable PCRA Court err when it denied [Appellant]'s Amended PCRA Petition without conducting a Hearing and all where [Appellant] properly pled and would have been able to prove that he was entitled to PCRA relief?

Appellant's Brief at 3.

In reviewing an appeal from the denial of PCRA relief, "this Court is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error." *Commonwealth v. Andrews*, 158 A.3d 1260, 1263 (Pa. Super. 2017) (citation omitted).

Appellant contends that trial counsel was ineffective in failing to move for a mistrial after the prosecutor engaged in prosecutorial misconduct during his opening statement, and that appellate counsel was ineffective for further waiving the claim on appeal. Appellant's Brief at 10. Specifically,

_____

[7] On the direct appeal, we had held both that trial counsel had waived this issue for failing to request a mistrial, and that appellate counsel had further waived the issue by making only a bald assertion in his brief that the prosecutor's comment was improper.

[8] Counsel did not respond to the Rule 907 notice.

Appellant asserts that he is entitled to a new trial because of two statements made by the prosecutor: first, the prosecutor's statement that Appellant had written a letter to Jarvis during a prior incarceration, as it informed the jury that Appellant had a criminal history; and second, the prosecutor's statement to the jury that a surveillance video he would introduce during his case-in-chief was "going to scream at [them]," even though they would not be able to see the faces of the individuals in the video. *See id.* at 10-11. Appellant construes the prosecutor's comment about the video as an impermissible voucher for a piece of evidence. *See id.* Appellant asserts that because the statements were made at the onset of trial, the jurors "could have been very impressed, and all in the wrong way" by the prosecutor's statements. *Id.*

With regard to PCRA claims alleging ineffective assistance of counsel, this Court has held:

> Counsel is presumed to have been effective. To overcome this presumption, a PCRA petitioner must plead and prove that: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

*Andrews*, 158 A.3d at 1263 (quotation marks and citation omitted). "Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

Furthermore, "[a]n evidentiary hearing is not mandatory for all claims raised in a PCRA petition." *Commonwealth v. Clark*, 961 A.2d 80, 94 (Pa. 2008), *cert. denied*, 558 U.S. 1082 (2009). A PCRA petitioner is required to show that he is entitled to an evidentiary hearing due to the presence of genuine issues of material fact on a meritorious issue. *Commonwealth v. Rivera*, 108 A.3d 779, 788 n.4 (Pa. 2014).

A mistrial is only granted when a defendant has been deprived of his right to a fair trial. *See Commonwealth v. Chamberlain*, 30 A.3d 381, 420 (Pa. 2011), *cert. denied*, 132 S.Ct. 2377 (2012). In the context of remarks made by counsel,

> [A] prosecutor has reasonable latitude during his closing argument to advocate his case, respond to arguments of opposing counsel, and fairly present the Commonwealth's version of the evidence to the jury. The court must evaluate a prosecutor's challenged statement in the context in which it was made. Finally, not every intemperate or improper remark mandates the granting of a new trial; reversible error occurs only when the unavoidable effect of the challenged comments would prejudice the jurors and form in their minds a fixed bias and hostility toward the defendant such that the jurors could not weigh the evidence and render a true verdict.

*Commonwealth v. Hanible*, 30 A.3d 426, 465 (Pa. 2011) (quotation marks, citations, and brackets omitted), *cert. denied*, 133 S.Ct. 835 (2013). "[P]rosecutorial misconduct will not be found where comments were based on the evidence or proper inferences therefrom or were only oratorical flair." *Commonwealth v. Judy*, 978 A.2d 1015, 1020 (Pa. Super. 2009).

Furthermore, "[m]ere passing references to criminal activity will not require reversal unless the record indicates that prejudice resulted from the reference." *Commonwealth v. Stafford*, 749 A.2d 489, 496 (Pa. Super. 2000) (internal quotation marks and citation omitted), *appeal denied*, 795 A.2d 975 (Pa. 2000). "A mistrial is not necessary where cautionary instructions are adequate to overcome prejudice." *Commonwealth v. Chamberlain*, 30 A.3d 381, 422 (Pa. 2011).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Barbara A. McDermott, we conclude that there is no merit to the issue Appellant has raised on appeal. The PCRA court opinion properly disposed of the question presented. *See* PCRA Ct. Op. at 7-8 (finding (1) that the prosecutor's passing reference to Appellant's prior incarceration was insufficient to prejudice the jury against Appellant, and that any prejudice caused by the comment was cured by the trial court's immediately responsive instruction to the jury;[9] and (2) that cell phone records placed Appellant at the location of the surveillance footage, that the prosecutor's remark that the surveillance video would "scream" was "nothing more than a rhetorical flourish, insufficient to warrant a mistrial," and that the jury was instructed that the opening remarks were not to be considered as evidence). Accordingly, we

_____

[9] We also note that evidence of Appellant's prior incarceration was introduced at trial, including through Appellant's own testimony. *See* N.T., 10/10/12, at 196-97, 206.

- 6 -

affirm on the basis of the PCRA court's opinion. The parties are instructed to attach the opinion of the PCRA court in any filings referencing this Court's decision.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2017

## IN THE COURT OF COMMON PLEAS
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA : CP-51-CR-0006240-2011
: CP-51-CR-0006241-2011
:
v.

CP-51-CR-0006240-2011 Comm. v. Sallam, Shamsiddin Q.
Opinion

SHAMSIDDIN SALLAM

7432929411

:

### OPINION AND ORDER

**McDermott, J.**                                                      **April 14, 2016**

#### Procedural History

On April 12, 2010, the Petitioner, Shamsiddin Sallam, was arrested and charged with

Murder and related offenses in CP-51-CR-0006240-2011, and Murder and Robbery in CP-51-

CR-0006241-2011. On October 3, 2012, the Petitioner appeared before this Court and elected to

be tried by a jury. On October 11, 2012, the jury returned guilty verdicts of First-Degree

Murder, Firearms not to be Carried without a License, Carrying Firearms in Public in

Philadelphia, and Possession of an Instrument of Crime ("PIC") in CP-51-CR-0006240-2011,

and guilty verdicts of First-Degree Murder and Robbery in CP-51-CR-0006241-2011.

On December 6, 2012, in CP-51-CR-0006240-2011, this Court imposed the mandatory

sentence of life imprisonment without parole for First-Degree Murder, and concurrent sentences

of three and one-half to seven years for Firearms Not to be Carried Without a License, one to

two years for Carrying Firearms in Public in Philadelphia, and one to two years for PIC. In CP-

51-CR-0006341-2011, this Court imposed the mandatory sentence of life imprisonment without

parole for First-Degree Murder, to be served concurrently with the penalties imposed in CP-51-

*Appendix*

CR-0006240-2011, and a consecutive term of ten to twenty years imprisonment for Robbery, for a total sentence of life imprisonment without parole plus ten to twenty years.

On December 10, 2012, trial counsel Darryl A. Irwin, Esquire withdrew and Mitchell S. Strutin, Esquire was appointed. On December 13, 2012, the Petitioner filed a timely Notice of Appeal. On appeal, the Petitioner challenged this Court's admission of a letter and a surveillance videotape as evidence, denial of his request for mistrial, and the weight and sufficiency of the evidence. On October 10, 2013, the Superior Court affirmed the Judgment of Sentence. On March 12, 2014, our Supreme Court denied Allowance of Appeal.

On February 10, 2015, the Petitioner filed a timely *pro se* Post-Conviction Relief Act ("PCRA") petition. On August 5, 2015, Lee Mandell, Esquire was appointed as PCRA Counsel. On January 4, 2016, PCRA Counsel filed an Amended Petition. On March 4, 2016, the Commonwealth filed a Motion to Dismiss. On March 15, 2016, this Court issued a Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907. On March 31, 2016, the Petitioner, *pro se*, filed a response to this Court's Rule 907 Notice.[1] PCRA Counsel did not file a response to this Court's Rule 907 Notice.

## Facts

On direct appeal, the Superior Court adopted this Court's statement of facts and recited them as follows:

> On September 7, 2009, at 3:31 p.m., Police Officer Earl Tilghman, in response to a radio call, went to 349 North 62nd Street. Upon arrival, Officer Tilghman . . . encountered a male wearing a bulletproof vest holding a gun, later identified as Ezekiel Donnie, and another male coming down the steps. Officer Tilghman

---

[1] Petitioner is currently represented by counsel. Upon receipt of the Petitioner's *pro se* response to this Court's Rule 907 Notice, this Court forwarded the Petitioner's motion to counsel and took no further action. *See Commonwealth v. Hall*, 476 A.2d 7, 9–10 (Pa. Super. 1984) ("An accused's *pro se* actions have no legal effect while defense counsel remains authorized to represent the accused in all aspects of the proceedings."); *Commonwealth v. Jette*, 23 A.3d 1032, 1044 (Pa. 2011) ("The proper response to any *pro se* pleading is to refer the pleading to counsel, and to take no further action on the *pro se* pleading unless counsel forwards a motion.").

confiscated a Jimenez arms 9–millimeter from Mr. Donnie. Officer Tilghman entered the building and found a Caucasian male and an African American male, later identified as Harry Williams ('Williams') and Gregory Jarvis ('Jarvis')[,] respectively, in [Williams'] apartment on the first floor. Williams was screaming and Jarvis appeared to be deceased.

Jarvis was pronounced dead at 3:42 p.m. at the scene by medics. He had suffered four gunshot wounds. One shot was to the left front of the neck and hit [Jarvis'] innominate artery and the upper part of the right lung. One shot went through the left arm, then went into his left chest area and exited near his right armpit. One bullet entered through the left side of the back, hitting [Jarvis'] ribs, spleen, diaphragm, esophagus, the inferior vena cava, and the right lung and then exited out of the right upper chest area. One bullet hit the left hip, fracturing the left side of the pelvis, and was recovered lodged in the muscles of the pelvis.

Williams was taken to the University of Pennsylvania Hospital where he remained about a month until he died at 11:42 a.m. on October 3, 2009. Williams suffered at least four gunshot wounds, one to the left flank, one to the lower left side of the back, one to the right thigh, and one to the left side of the chest. The wounds caused injuries to his stomach, duodenum, liver, spleen, right leg, and femur. During his hospital stay, Williams had complications including pneumonias, recurrent infections in the abdomen, and collection of fluid in the abdomen, and a total of eight surgeries.

Officers recovered eight, 9–millimeter fired cartridge casings and one projectile from 349 North 62nd Street. No firearm was recovered from inside the apartment. All of the fired cartridge casings were determined to be fired from the same firearm; which was not recovered. The two bullets recovered by the Medical Examiner's officer, the projectile recovered from the crime scene, and the bullet jacket recovered from the hospital, were all fired from a single firearm.

[The Petitioner] and Jarvis had known each other for at least six years prior to the murder. The Commonwealth introduced a letter written by [the Petitioner] while he was incarcerated at SCI Pittsburgh that was sent on April 4, 2003 to Jarvis. In the letter [the Petitioner] referenced 'half a brick,' a known drug term. In March 2009, Jarvis fronted [the Petitioner] cocaine; however, [the Petitioner] never paid Jarvis for it. At the end of August and beginning of September 2009, [the Petitioner] called Jarvis multiple times but Jarvis did not respond because [the Petitioner] owed him money. On September 7, 2009, at around 11:30 a.m. Jarvis did accept a call from [the Petitioner] and agreed to supply [the Petitioner] with cocaine to sell.

3

On September 15, 2009, at around 1:00 a.m., after calling his friend, Shawn Hawkins ('Hawkins'), [the Petitioner] met him. [The Petitioner] told Hawkins that he had shot two people. [The Petitioner] told Hawkins that one of the victims died but the white guy survived and was in the hospital and that he shot them because one of the victims had said he had five bricks of cocaine but [had] only brought [ ] half of a brick. [The Petitioner] knew that the police were looking for him and asked Hawkins to help him sell crack cocaine. Hawkins agreed to help. The Commonwealth introduced [the Petitioner's] cell phone records which corroborated that on September 15[ ], 2009, [the Petitioner] had brief phone conversations with Hawkins at 12:34 a.m., 12:41, a.m., 12:48 a.m. and 12:52 a.m.

[The Petitioner's] cell phone records revealed that Williams and [the Petitioner] called each other multiple times, and spoke for various lengths of time on September 1, September 4, September 5 and September 7. On September 7th, 2009, [the Petitioner] called Williams at 1:34 p.m., 1:37 p.m., 2:30 p.m., 2:40 p.m., 2:45, p.m., and 4:20 p.m. [The Petitioner] did not call Williams again until he called him three times on September 10, after Jarvis called [the Petitioner] on September 8[ ]. [The Petitioner] also called Williams on September 11.

[The Petitioner] and Jarvis called each other multiple times on September 3, September 4, September 5, September 6, and September 7. On September 7, 2009, [the Petitioner] and Jarvis called each other at 11:08 a.m., 11:23 a.m., 1:08 p.m., 1:34 p.m., 2:30 p.m., and 2:37 p.m.

Cell site 309 is located in Cobbs Creek Park in Philadelphia. Its alpha sector covers the geographical area that includes 349 North 62nd Street. On September 7, 2009, between 2:59 p.m. and 3:34 p.m., [the Petitioner's] phone utilized the alpha sector of cell site 309.

*Commonwealth v. Sallam*, 3403 EDA 2012 at *1–2 (Pa. Super. Oct. 10, 2013) (non-precedential decision).

## Discussion

The Petitioner avers that (1) trial counsel was ineffective for failing to request a mistrial based on the prosecutor's remarks during opening argument that the Petitioner was previously incarcerated; and (2) appellate counsel was ineffective for failure to preserve an appellate

challenge to trial counsel's failure to request a mistrial based on the prosecutor's opening remark that a surveillance video would "scream at" the jury.[2]

To warrant relief based on an ineffectiveness claim, a petitioner must show that such ineffectiveness "in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Jones*, 912 A.2d 268, 278 (Pa. 2006); 42 Pa.C.S. § 9543(a)(2)(ii). Counsel is presumed to have rendered effective assistance. *Commonwealth v. Weiss*, 81 A.3d 767, 783 (Pa. 2013) (*citing Commonwealth v. Sepulveda*, 55 A.3d 1108, 1117 (Pa. 2012)).

To overcome the presumption, the Petitioner has to satisfy the performance and prejudice test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The Supreme Court of Pennsylvania has applied the *Strickland* test by looking to three elements, whether (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner has shown that he suffered prejudice as a result of counsel's lapse, *i.e.*, that there is a reasonable probability that the result of the proceeding would have been different. *Commonwealth v. Bennett*, 57 A.3d 1185, 1195–1196 (Pa. 2012) (*citing Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987)). If a claim fails under any necessary element of the *Strickland* test, the court may proceed to that element first. *Bennett*, 57 A.3d at 1195–1196. Counsel will not be deemed ineffective for failing to raise a meritless claim. *Jones*, 912 A.2d at 278 (*citing Commonwealth v. Darrick Hall*, 701 A.2d 190, 203 (Pa. 1997)).

---

[2] Within his original *pro se* PCRA petition, the Petitioner averred that trial counsel was ineffective for failing to (1) investigate a witness; (2) enter a letter from the prosecutor inter evidence; (3)conduct pre-trial investigation of defense witness Neremiah Jenkins; (4) prepare the Petitioner to testify on his own behalf. The Petitioner further alleged two waived issues that were not addressed on direct appeal: whether this Court abused its discretion in admitting inflammatory photographs and in granting the Commonwealth its continuance request to accommodate a witness. Since PCRA Counsel is presumed to raise all meritorious issues within an Amended Petition, this Court need not address the above *pro se* claims. *See Commonwealth v. Jette*, 23 A.3d 1032, 1044–1045 (Pa. 2011).

5

"Mistrials should be granted only when an incident is of such a nature that its unavoidable effect is to deprive appellant of a fair trial." *Commonwealth v. Johnson*, 815 A.2d 563, 576 (Pa. 2002) (*citing Commonwealth v. Lewis*, 567 A.2d 1376, 1383 (Pa. 1989)). On review, appellate courts consider the nature of the reference and whether the Commonwealth's conduct was intentional. *Commonwealth v. Powell*, 956 A.2d 406, 421 (Pa. 2008). Curative instructions are sufficient to cure any prejudice which may have been caused by the comments made by the prosecutor. *Commonwealth. v. Robinson*, 864 A.2d 460, 519 (Pa. 2004) (*citing Commonwealth v. Carter*, 643 A.2d 61, 77 (Pa. 1994)).

A petitioner is required to establish that his claims have not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). On collateral review, a layered ineffectiveness claim is regarded as distinct from the underlying claim. *Commonwealth v. Collins*, 888 A.2d 564, 573 (Pa. 2005). Nevertheless, a layered claim cannot be sustained where the underlying claim is unmeritorious. *Commonwealth v. Williams*, 950 A.2d 294, 300 (Pa. 2008); *Commonwealth v. McGill*, 832 A.2d 1014, 1021–1022 (Pa. 2003).

Within a layered claim, a petitioner must plead that appellate counsel was ineffective for failing to raise the ineffectiveness of prior counsel. *McGill*, 832 A.2d at 1022. A petitioner must then demonstrate that (1) the underlying claim of error is of arguable merit; (2) counsel had no reasonable basis for the action or omission in question; and (3) counsel's action or omission caused prejudice to the petitioner such that the outcome of the proceedings would have been different. *Commonwealth v. Washington*, 880 A.2d 536, 540 (Pa. 2005). Since the Petitioner must prove the underlying merit of his claim, he must also develop all three prongs of the *Strickland* test as to the ineffectiveness of trial counsel. *Commonwealth v. Hall*, 872 A.2d 1177, 1184 (Pa. 2005) (*citing McGill*, 832 A.2d at 1022).

6

In his first issue, the Petitioner alleges that trial counsel was ineffective for failure to request a mistrial after the Commonwealth stated that the Petitioner communicated with a witness while imprisoned on an unrelated matter. In 2003, the Petitioner sent a letter to the decedent Jarvis from his location at SCI Pittsburgh, wherein the Petitioner offered Jarvis advice on how to sell narcotics. During his opening statement, the prosecutor argued that "he [the decedent Jarvis] left behind a letter written by Snap, [the Petitioner], to an old-time, long-time acquaintance, an associate, an accomplice. They were inmates—." N.T. 10/3/2012 at 28. Trial counsel immediately objected, and this Court sustained that objection. *Id.* Trial counsel did not motion for mistrial, but this Court immediately gave the jury the following curative instruction:

> THE COURT: Ladies and gentlemen, that objection is sustained. I just told you a few minutes ago, sometimes counsel can't prove what they want, and it's my job to make a decision at this point -- well, throughout the trial -- as to what may or may not be relevant. So it's sustained at this point. I'm asking you to disregard, and if things change during the trial, then you may hear things.

*Id.* at 32. The Commonwealth's passing reference to the Petitioner's incarceration is insufficient to prejudice the jury against the Petitioner. There was absolutely no indication of any prior bad act resulting in the Petitioner's incarceration, nor were the contents of the letter disclosed to the jury. This Court's instruction was clearly sufficient to cure any prejudicial effect, and the jury is presumed to follow instructions. *See Robinson*, 864 A.2d at 519. The Petitioner fails to present any contrary evidence.

In his second issue, the Petitioner avers that appellate counsel was ineffective for failing to preserve a challenge to trial counsel's failure to request a mistrial after objecting to the prosecutor's opening argument remark about video surveillance evidence. During his opening argument, the prosecutor described the contents of a video surveillance tape, stating that "[a]lthough you can't see the faces in the video, it's going to scream at you." N.T. 10/3/2012 at

7

35–36. In a similar chain of events following the prosecutor's comment about the Petitioner's prison letter, trial counsel immediately objected to the remark, and this Court sustained that objection. *Id.* at 36. Trial counsel requested no further relief.

On direct appeal, appellate counsel argued that this Court erred in permitting the prosecutor to make the improper remark. In its October 10, 2013 decision, the Superior Court noted that "[the Petitioner]'s brief includes only a bald assertion that the prosecutor's comment was improper. He does not develop his argument with citations to authority or to the record." *Sallam*, 3403 EDA 2012 at *23 (internal citations omitted). The Superior Court accordingly deemed the argument waived. *Id.*

Although appellate counsel clearly failed to preserve the underlying issue on appeal, the Petitioner is not entitled to relief as the underlying claim is without merit. This Court instructed the jury that the Commonwealth's opening remarks are not evidence. N.T. 10/3/2012 at 18. After this Court sustained the objection, the Commonwealth explained how cell phone analysis evidence would place the Petitioner at the surveillance camera's location. *Id.* at 36–37. The Commonwealth ultimately presented the surveillance video as evidence, and the jury remained free to consider its contents absent any undue influence. The prosecutor's remark was nothing more than a rhetorical flourish, insufficient to warrant a mistrial. Because the Petitioner fails to demonstrate the merits of the underlying claim, his challenge of appellate counsel's ineffectiveness likewise fails.

For the foregoing reasons, the petition is hereby DISMISSED. The Petitioner is hereby notified that he has thirty (30) days from the date of this Order and Opinion to file an appeal with the Superior Court.

BY THE COURT,

*Barbara McDermott*

Barbara A. McDermott, J.

Commonwealth v. Shamsiddin Sallam, CP-51-CR-0006240-2011; CP-51-CR-0006241-2011

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing filing upon the person(s), and in the manner indicated below, which service satisfies the requirements of Pa. R. Crim. P. 114:

Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107
Attn: Michael Toczyski, Esquire

**Type of Service:**      **Hand Delivery**

Lee Mandell, Esq.
1500 JFK Blvd.
Suite 405
Philadelphia, PA 19102

**Type of Service:**      **First Class Mail**

Shamsiddin Sallam
KU9113
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

**Type of Service:**      **Certified Mail**

Dated: April 14, 2016

**Joseph Duffy**
**Law Clerk to the**
**Honorable Barbara A. McDermott**