J-S14044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL LUCAS | : | |
| | : | No. 1592 EDA 2017 |
| Appellant | : | |

Appeal from the PCRA Order April 6, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009686-2014

BEFORE:   OTT, J., McLAUGHLIN, J., and RANSOM*, J.

MEMORANDUM BY RANSOM, J.:                    **FILED APRIL 05, 2018**

Appellant, Daniel Lucas, appeals from the order entered April 6, 2017, denying his first petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In its opinion, the PCRA court fully and correctly set forth the relevant facts and procedural history of this case.  **See** PCRA Court Opinion, 4/6/17, at 1-2.  In April 2015, Appellant pleaded guilty to murder of the third degree, carrying a firearm without a license, and possession of an instrument of crime ("PIC").[1]  Appellant was sentenced to imprisonment for twenty to forty years for murder, three to six years for the firearms violation, and two to four years for PIC; none of these sentences included a mandatory minimum.  The

---

[1] 18 Pa.C.S. §§ 2502(c), 6106(a)(1), and 907(a).

---

*   Retired Senior Judge assigned to the Superior Court.

sentences were to be served consecutively, and Appellant was thus sentenced to an aggregate term of twenty-five to fifty years. No direct appeal was filed.

In September 2015, Appellant timely and *pro se* filed a PCRA petition requesting that he be resentenced; the petition did not include a claim that trial counsel was ineffective for failing to file a direct appeal. In July 2016, the PCRA court appointed counsel to represent Appellant. PCRA counsel filed a **Turner**/**Finley** no-merit letter[2] and a motion to withdraw as counsel, and Appellant filed a response thereto.

In March 2017, the PCRA court issued a notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907 ("907 Notice"), and Appellant filed a response thereto in which he requested leave to amend his PCRA petition to include a claim that his trial counsel was ineffective for failing to file a direct appeal.

In April 2017, the PCRA court dismissed Appellant's petition and granted PCRA counsel's motion to withdraw. The PCRA court never granted Appellant leave to amend his PCRA petition.[3] This appeal followed. The PCRA court did

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

[3] Pursuant to Pa.R.Crim.P. 907(1) (all emphasis added):

> If the judge is satisfied . . . that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to

not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant did not file one.

In his *pro se* brief, Appellant raises the following issues for our review:

1.      Was Appellant abandoned by counsel, for the purpose of appeal, and did counsel's dereliction cause that denial, and Appellant was denied independent [sic] of counsel, for such an appeal, and did counsel fail to file an appeal?

2.      Is Appellant serving an illegal mandatory sentence, an abuse of discretion in sentencing, and the denial of a PSI-presentence investigation, and was counsel ineffective?

Appellant's Brief at 3.

In reviewing an appeal from the denial of PCRA relief, "this Court is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error." ***Commonwealth v. Andrews***, 158 A.3d 1260, 1263 (Pa. Super. 2017) (citation omitted).

Appellant did not include a claim in his *pro se* PCRA petition that trial counsel's failure to file a direct appeal constituted ineffective assistance of counsel. The PCRA court never granted Appellant leave to amend his PCRA petition to include this claim. A PCRA petitioner may not raise new claims by

_____

the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. **The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, *or* direct that the proceedings continue.**

A PCRA court thus has three options: (1) dismiss; (2) grant leave to file an amended petition; or (3) direct that the proceedings continue. If a PCRA court orders any one of the three options, then the other two were rejected. Here, the PCRA court ordered the PCRA petition dismissed. In doing so, the PCRA court would be deemed to have denied leave to file an amended complaint.

merely supplementing a pending PCRA without court authorization; failure to obtain leave of the PCRA court waives such claims. ***Commonwealth v. Mason***, 130 A.3d 601 (Pa. 2015). Here, Appellant never obtained court authorization to add his new claim that trial counsel was ineffective for failing to file a direct appeal. For this reason, Appellant did not preserve his first issue raised on appeal.

Additionally, Appellant did not receive a mandatory minimum sentence. He also failed to include any reference to a "denial of a PSI" in his PCRA petition, response to PCRA counsel's no-merit letter, or his response to the 907 Notice. A claim not raised in a PCRA petition cannot be raised for the first time on appeal, and the PCRA court did not grant Appellant leave to amend his PCRA petition. ***Mason***, 130 A.3d 601; ***Commonwealth v. Santiago***, 855 A.2d 682, 691 (Pa. 2004). Thus, Appellant's second issue merits no relief.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/5/18