J-A10045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JORGE MARTINEZ :
:
Appellant : No. 2861 EDA 2017

Appeal from the PCRA Order July 25, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006386-2009

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and RANSOM*, J.

MEMORANDUM BY RANSOM, J.:                    **FILED MAY 23, 2018**

Appellant, Jorge Martinez, appeals *pro se* from the order entered

July 25, 2017, denying as untimely his second petition for collateral relief filed

under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We

affirm.

In its opinion, the PCRA court fully and correctly set forth the relevant

facts and procedural history of this case.  **See** PCRA Court Opinion (PCO),

11/6/17, at 1-2, 4-5.  For the convenience of the reader, we briefly note that,

in 2008, Appellant shot and killed Nicholas Cruz.  During Appellant's trial, the

Commonwealth presented the testimony of an eyewitness to the murder, a

witness who saw Appellant fleeing the scene, a ballistics expert, and the

medical examiner.  A jury found Appellant guilty of murder of the first degree

_____
*   Retired Senior Judge assigned to the Superior Court.

and possession of instrument of crime,[1] and Appellant was sentenced to life imprisonment.[2]    After the trial court denied his post-sentence motions, Appellant appealed to this Court, which affirmed the judgment of sentence. Appellant then petitioned for allowance of appeal to the Supreme Court of Pennsylvania, which denied his petition on June 26, 2012.  *Commonwealth v. Martinez*, 43 A.3d 529 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 47 A.3d 846 (Pa. 2012).

Appellant filed his first PCRA petition in July 2012 and amended it in May 2014.  The PCRA court dismissed the first PCRA petition in May 2015, and Appellant appealed to this Court, which affirmed in March 2016.  Appellant petitioned for allowance of appeal to the Supreme Court of Pennsylvania, which denied his petition in August 2016. *Commonwealth v. Martinez*, 144 A.3d 189 (Pa. Super. 2016) (unpublished memorandum), *appeal denied*, 145 A.3d 724 (Pa. 2016).

Appellant filed the instant PCRA petition on September 15, 2016.  This PCRA petition alleged ineffective assistance of counsel, prosecutorial misconduct, a "miscarriage of justice," and "manifest constitutional errors," all of which "undermined the truth determining process to such a degree that they require reversal."  PCRA Pet., 9/15/16, at 1.  However, the PCRA petition

---

[1] 18 Pa.C.S. § 2502(a) and § 907(a), respectively.

[2] The Commonwealth never sought the death penalty for Appellant.

made no claim of governmental interference or other improper obstruction by government officials and made no challenge to the jury or sentencing procedures. In November 2016, without seeking the PCRA court's leave, Appellant filed an amended petition, alleging that, due to his conviction for murder of the first degree, his sentence should have been determined by the jury and not the judge. Am. PCRA Pet., 11/30/16, at 26, 31. Appellant's PCRA petition was dismissed as untimely by the PCRA court in July 2017. This appeal followed. The PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant complied. The PCRA court issued a responsive opinion.

Appellant now raises the following issues for our review:

[1.] Is Your Appellant Entitled To Post-Conviction Relief In The Form Of Remand For An Evident[ia]ry Hearing Since The Court(s) Below Rendered Constructional Error(s) During Your Appellant's Trial And Sentencing Hearing?

[2.] Does [sic] Your Appellant's Claims Raised Within The Pertinent PCRA PETITION: Lack Of Statutory Authorization; Lack Of Subject Matter Jurisdiction; And Constructional Error, Have Been Recognized By Our Courts As Unwaiverable Claims, Which Can Be Challenged (Reviewable Sua Sponte) At Any Time During Petitioner's Incarceration?

Appellant's Brief at 7 (PCRA court's answers omitted) (capitalization and underlining in original).

In reviewing an appeal from the denial of PCRA relief, "this Court is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error." *Commonwealth v. Andrews*, 158 A.3d 1260, 1263 (Pa. Super. 2017) (citation omitted).

The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final, unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in Section 9545(b) of the statute. ***See*** 42 Pa.C.S. § 9545(b).[3] Here, the PCRA court concluded that it lacked jurisdiction over Appellant's second petition, because the petition was untimely and because Appellant failed to satisfy an exception to the PCRA's time bar.

Appellant's sentence became final on September 24, 2012, ninety days after the Supreme Court of Pennsylvania denied Appellant's petition for

_____

[3] The three exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

allowance of appeal on June 26, 2012. U.S.Sup.Ct.R. 13. Appellant thus had one year thereafter to file a PCRA petition – *i.e.*, until September 24, 2013. 42 Pa.C.S. § 9545(b)(1). Appellant filed the current petition on September 15, 2016, almost three years late. Hence, Appellant's petition was patently untimely.

Appellant attempts to circumvent the time-bar by asserting that he is entitled to one of the exceptions to the time-bar – specifically, the "governmental interference" exception, 42 Pa.C.S. § 9545(b)(1)(i). Appellant's Brief at 13. Appellant argues that the fact that the trial court dismissed the jury immediately after the recording of its verdict constitutes governmental interference. Appellant maintains that, since he was convicted of murder of the first degree, the jury and not the judge should have determined his sentence. *Id.* at 14 (citing 42 Pa.C.S. § 9711(a)(1)).

However, Appellant did not raise this exception in his PCRA petition. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Appellant has therefore failed to preserve this argument by not including it in his PCRA petition.

Although Appellant filed an amended PCRA petition, we cannot consider any arguments raised therein, because Appellant did not receive – nor even seek -- the PCRA court's permission to file an amended petition. A PCRA petitioner may not raise new claims by merely supplementing a pending PCRA without court authorization; failure to obtain leave of the PCRA court waives

such claims. ***Commonwealth v. Mason***, 130 A.3d 601 (Pa. 2015). Thus, Appellant's amended PCRA petition failed to preserve his argument as to why his petition allegedly qualifies for an exception to the PCRA's jurisdictional timeliness requirements.

Accordingly, as Appellant's second PCRA petition was untimely, this Court lacks jurisdiction and cannot consider any of his remaining challenges on appeal. ***Hernandez***, 79 A.3d at 651. Having discerned no abuse of discretion or error of law, we affirm the order below.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/18