J-S53022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                      :           PENNSYLVANIA
                                        :
                  v.                       :
                                        :
                                        :
ALEX MARTINEZ                 :
                                        :
                Appellant       :     No. 375 EDA 2018

Appeal from the PCRA Order January 3, 2018
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0002999-2014

BEFORE: GANTMAN, P.J., OTT, J., and PLATT*, J.

MEMORANDUM BY OTT, J.:               **FILED SEPTEMBER 24, 2018**

Alex Martinez appeals from the order of the Court of Common Pleas of Bucks County, entered January 3, 2018, that denied his first petition filed under the Post Conviction Relief Act ("PCRA").[1] In this timely appeal, Martinez raises two claims regarding his alleged inability to effectively communicate with his lawyer due to a lack of a certified translator. We affirm.

On September 10, 2014, Martinez pleaded *nolo contendere* to one count of criminal attempt to commit murder of the first degree, four counts of aggravated assault, one count of possession of instruments of crime ("PIC"), two counts of recklessly endangering another person, two counts of simple

---

* Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

assault, and one count of disorderly conduct.[2] During the plea hearing, Martinez was represented by a public defender and communicated with the trial court through a certified Spanish interpreter, who was sworn prior to the proceeding. N.T., 9/10/2014, at 2-3, 14. Martinez was also sworn and confirmed that he was able to communicate effectively through the interpreter. During his plea colloquy, Martinez agreed that the Commonwealth would be able to present sufficient evidence to prove the charges against him beyond a reasonable doubt. Martinez also affirmed that he understood that a *nolo contendere* plea is still a conviction, the crimes to which he was pleading, the maximum penalties that could be imposed, and his post-sentence rights. *Id.* at 14-15. He answered affirmatively when asked if he was entering his plea knowingly, voluntarily, intelligently, and of his own free will. *Id.* After the Commonwealth gave a summary of the facts, *id.* at 16-19, trial counsel asked Martinez if he had heard the facts as stated by the Commonwealth and if he agreed that the facts were sufficient to prove the charges beyond a reasonable doubt, and Martinez replied affirmatively to both questions. *Id.* at 19-20. When asked if he had any questions about those facts, Martinez responded negatively and again confirmed that he understood that he was entering a plea of "no contest." *Id.* at 19. Sentencing was delayed in order to obtain an evaluation of Martinez's immigration status. *Id.* at 24.

---

[2] 18 Pa.C.S. §§ 901(a), 2702(a), 907(a), 2705, 2701(a)(1), and 5503(a)(1), respectively.

At his sentencing hearing on November 6, 2014, Martinez again communicated with the trial court through a certified interpreter, who was sworn prior to the proceeding. N.T., 11/6/2014, at 2. Under oath, Martinez stated that he could communicate with the interpreter and could understand what the interpreter said to him. *Id.* at 3. Martinez was sentenced to six to twelve years of confinement for criminal attempt to commit murder followed by four to ten years of confinement for one count of aggravated assault, for an aggregate sentence of confinement of ten to twenty-two years; Martinez was also sentenced to a consecutive period of probation for five years for PIC. He received no further penalty on the remaining counts. The trial court also ordered restitution.

On November 14, 2014, Martinez's counsel filed a motion for reconsideration of sentence. On December 17, 2014, Martinez sent a *pro se* handwritten letter in English addressed to the trial court requesting reconsideration of his sentence ("Letter 12/17/2014").

On December 22, 2014, the trial court held a hearing on the reconsideration motion, during which a sworn interpreter was present for Martinez. N.T., 12/22/2014, at 2. The trial court vacated the order of restitution but did not otherwise change Martinez's sentence. *Id.* at 4, 7.

On December 23, 2014, Martinez sent a *pro se* handwritten letter in English to the Bucks County Clerk of Courts, requesting documents from the record ("Letter 12/23/2014"). In a *pro se*, handwritten, undated letter, received by the Clerk of Courts on January 20, 2015, Martinez wrote in English

that he had lost his counsel's information and asked if the Clerk could send him his counsel's address ("Letter 1/20/2015"). In a *pro se*, handwritten, undated letter, received by the Clerk of Courts on July 31, 2015, Martinez wrote in English to the Clerk, asking about deductions for his court fees and fines ("Letter 7/31/2015").

On November 12, 2015, Martinez timely filed, *pro se*, his first PCRA petition, written in English. The PCRA court appointed counsel and granted permission to file two amended petitions. **See** PCRA Court Opinion, 3/12/2018, at 2.

In a *pro se* letter written in English and dated December 16, 2015, Martinez requested an updated copy of the docket ("Letter 12/16/2015"). On April 18, 2016, and May 6, 2016, Martinez sent *pro se* letters in English to his PCRA counsel ("Letter 4/18/2016" and "Letter 5/6/2016," respectively).

The PCRA evidentiary hearing was originally scheduled for June 22, 2016, but the PCRA court granted a continuance due to the absence of a certified interpreter for Martinez. Bucks Cty. Crim. Ct. Sheet, 6/22/2016.

On September 15, 2016, and January 25, 2017, Martinez sent additional *pro se* letters in English to the Clerk of Courts ("Letter 9/15/2016" and "Letter 1/25/2017," respectively). On February 23, 2017, Martinez sent a *pro se* letter in English to the PCRA court ("Letter 2/23/2017").[3]

_____

[3] Letter 12/17/2014, Letter 12/23/2014, Letter 1/20/2015, Letter 7/31/2015, Letter 12/16/2015, Letter 4/18/2016, Letter 5/6/2016, Letter 9/15/2016, Letter 1/25/2017, and Letter 2/23/2017 are part of the certified record.

At the PCRA evidentiary hearing on November 30, 2017, a certified interpreter was provided to Martinez and sworn at the beginning of the proceeding. N.T., 11/30/2017, at 2. Trial counsel testified that three of the meetings he had with Martinez were conducted through a certified interpreter. *Id.* at 14. According to trial counsel, when a certified interpreter was not available, another inmate translated their conversation; the same inmate served as interpreter throughout their meetings. *Id.* at 8, 13, 26. Trial counsel testified that he informed Martinez that there was no attorney-client privilege when another inmate served as interpreter. *Id.* at 10. Trial counsel also stated the he had no difficulty communicating with Martinez. *Id.* at 26. Martinez testified that he thought that trial counsel had an interpreter with him "once or twice" during their private meetings but admitted that he "[did]n't remember well." *Id.* at 49. At the conclusion of the hearing, the PCRA court allowed the parties to file memoranda of law. *Id.* at 81-82.[4] On January 3, 2018, the court denied PCRA relief. This appeal followed.[5]

Martinez raises the following issues on appeal:

I.    Did the [PCRA c]ourt err in denying [Martinez]'s [Second] Amended PCRA Petition, following a hearing and legal

---

[4] "The Memorandum of Law on behalf of [Martinez] focused solely on [his] lack of a certified interpreter at all meetings between [Martinez] and trial counsel." PCRA Court Opinion, 3/12/2018, at 2.

[5] On February 9, 2018, the PCRA court ordered Martinez to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days, and Martinez complied on February 23, 2018. On March 12, 2018, the PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a).

memoranda, on the subject of whether [Martinez]'s guilty plea in this matter was knowing and voluntary, when trial counsel failed to obtain the services of a certified Spanish/English interpreter to translate between trial counsel and [Martinez] during meetings in advance of the trial date and eventual guilty plea; counsel instead utilizing other inmates to translate between himself and [Martinez]?

II. Did the [PCRA c]ourt err in failing to recognize that trial counsel's failure to adequately communicate with [Martinez] in advance of the guilty plea constituted ineffective assistance of counsel?

Martinez's Brief at 6.

Martinez contends that his trial counsel was ineffective, because counsel did not always use a certified interpreter when communicating with Martinez outside the courtroom. Martinez's Brief at 14-21. He argues that the PCRA court should have found that his plea was not knowing and voluntary, because trial counsel had "failed to obtain the services of a certified Spanish/English interpreter to translate between trial counsel and [Martinez] during meetings in advance of the trial date and eventual [*nolo contendere*] plea." ***Id.*** at 14. He alleges that he was prejudiced, because he "did not understand the potential defense or what the Commonwealth would have to prove or what the nature of the charges against him were." ***Id.*** at 21.

In reviewing an appeal from the denial of PCRA relief, "this Court is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error." ***Commonwealth v. Andrews***, 158 A.3d 1260, 1263 (Pa. Super. 2017) (citation omitted).

Counsel is presumed to have been effective. To overcome this presumption, a PCRA petitioner must plead and prove that: (1)

- 6 -

the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

*Id.* (citation and internal quotation marks omitted). "A failure to satisfy any of the three prongs of [this] test requires rejection of a claim of ineffective assistance of trial counsel[.]" **Commonwealth v. Chmiel**, 30 A.3d 1111, 1128 (Pa. 2011). The right to effective assistance of counsel extends to the plea process. **Commonwealth v. Wah**, 42 A.3d 335, 338-339 (Pa. Super. 2012); **see also Commonwealth v. Allen**, 833 A.2d 800, 801-802 (Pa. Super. 2003) (right to effective counsel applicable to *nolo contendere* pleas).

The PCRA court concluded that Martinez had failed to establish "that he was prejudiced by the lack of a certified interpreter at all meetings" between himself and trial counsel. PCRA Court Opinion, 3/12/2018, at 7. As the PCRA court noted, **id.**, a certified interpreter was present for some of the meetings between Martinez and trial counsel and another inmate served as interpreter for the remaining meetings. N.T., 11/30/2017, at 8, 13-14, 26, 49. More importantly, a certified interpreter translated for Martinez at his plea hearing, his sentencing hearing, and his reconsideration hearing. N.T., 9/10/2014, at 2-3; N.T., 11/6/2014, at 2-3; N.T., 12/22/2014, at 2.

We agree with the PCRA court that Martinez has failed to demonstrate how the outcome would have been different if an interpreter were present throughout all of his meetings with trial counsel and, accordingly, has failed to establish the requisite element of prejudice. **See Andrews**, 158 A.3d at

1263. In addition to the reasons discussed by the PCRA court, we observe that the record is replete with examples of Martinez's use and comprehension of the English language. His initial *pro se* PCRA petition and all of his numerous correspondence with the trial court, the Clerk of Courts, PCRA counsel, and the PCRA court were in English. ***See*** Letter 12/17/2014; Letter 12/23/2014; Letter 1/20/2015; Letter 7/31/2015; PCRA Pet., 11/12/2015; Letter 12/16/2015; Letter 4/18/2016; Letter 5/6/2016; Letter 9/15/2016; Letter 1/25/2017; Letter 2/23/2017. There is no indication any of these documents, some of which were handwritten, were composed with the assistance of an interpreter.

Furthermore,

The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies.

**A person who elects to plead guilty is bound by the statements he makes in open court while under oath** and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

***Commonwealth v. Yeomans***, 24 A.3d 1044, 1047 (Pa. Super. 2011) (emphasis added) (citation omitted); ***see Commonwealth v. Hart***, 174 A.3d 660, 664, 668 (Pa. Super. 2017) (applying ***Yeomans*** to request to withdraw plea of *nolo contendere*). Here, Martinez stated under oath at both his plea and sentencing hearings that he understood and could communicate with the certified interpreter. N.T., 9/10/2014, at 3; N.T., 11/6/2014, at 3. Through that interpreter, Martinez stated that he understood the crimes charged, the

effects of entering a plea, the maximum penalties, his post-sentence rights, the Commonwealth's summary of the facts, and that he was entering a plea of "no contest." N.T., 9/10/2014, at 14-15, 19. He also agreed that the facts presented by the Commonwealth were sufficient to prove the charges beyond a reasonable doubt and that he was entering the plea knowingly, voluntarily, intelligently, and of his own free will. *Id.* at 14-15, 19-20. Martinez is bound by these statements and cannot now assert that he did not understand the charges against him, the Commonwealth's proof, or the nature of his plea. *See* Martinez's Brief at 21; *Yeomans*, 24 A.3d at 1047. Consequently, Martinez's argument that he suffered prejudice is not supported by the record.

By failing to satisfy one prong of the ineffective assistance of counsel test – *i.e.*, prejudice, Martinez's entire ineffectiveness claim fails. *See Chmiel*, 30 A.3d at 1128. Accordingly, we affirm the order denying PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/18

- 9 -