J-S10007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JAMES EVERETT | : | |
| | : | |
| Appellant | : | No. 3992 EDA 2017 |

Appeal from the PCRA Order November 7, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0100251-1986

BEFORE:   GANTMAN, P.J.E., STABILE, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                    **Filed March 19, 2019**

Appellant, James Everett (hereinafter "Appellant" or "Everett"), *pro se*, appeals from the order of the Court of Common Pleas of Philadelphia County, entered November 7, 2017, that dismissed his seventh petition filed under the Post Conviction Relief Act ("PCRA")[1] without a hearing.  We affirm.

This Court has previously summarized the procedural history of this action as follows:

> On April 4, 1987, [Everett] was convicted of murder of the first degree and possessing an instrument of crime.  On January 27, 1988, [Everett] was sentenced to life imprisonment for murder of the first degree and a concurrent term of two and one-half (2½) to five (5) years for the weapons offense.
>
> Following a direct appeal in which his conviction was affirmed by the Superior Court on November 2, 1988, [Everett] filed a petition

---

[1] 42 Pa.C.S. §§ 9541–9546.

* Retired Senior Judge assigned to the Superior Court.

under the [PCRA], in which he alleged that his trial counsel was ineffective for filing boiler plate post-verdict motions. That petition was denied; the Superior Court affirmed the decision on June 6, 1994.

[Everett] filed a *pro se* petition for writ of *habeas corpus*, which the United States District Court for the Eastern District of Pennsylvania denied. The denial was affirmed by the Third Circuit Court of Appeals in October 1995. [Everett] then filed a *pro se* *Writ of Coram Nobis*, which the Court of Common Pleas of Philadelphia treated as a second PCRA petition. The denial of the requested relief was affirmed by the Superior Court on July 1, 1997. The Supreme Court denied a Petition for Allowance of Appeal in October 1997.

[Everett] then filed a *pro se* omnibus collateral application for permission to appeal *nunc pro tunc*. The trial court treated this petition as a third PCRA petition and denied relief without a hearing on May 22, 1998. However, no notice of the court's intention to dismiss the petition without an evidentiary hearing was given to the petitioner. On September 16, 1999, the Superior Court vacated the order of May 22, 1998, and remanded the case for the purpose of providing the notice required by then Pennsylvania Rule of Criminal Procedure 1507.

Following proper notice, the petition was dismissed as untimely on October 12, 2000. The dismissal was affirmed by the Superior Court on May 12, 2002. After proceedings in the United States District Court for the Eastern District of Pennsylvania and the Third [C]ircuit Court of Appeals, the United States Supreme Court denied *certiorari* and a petition for reconsideration on March 7, 2005.

On May 6, 2005, [Everett] filed a counseled fourth PCRA petition in which he alleged that the time-bar in 42 Pa.C.S.A. § 9545(b) is unconstitutional and amounts to governmental interference so far as the application of the time-bar is concerned, particularly with reference to claims of ineffective assistance of counsel. Th[e PCRA c]ourt dismissed the petition without a hearing. [Everett] appealed, and an opinion was filed. The Superior Court affirmed the dismissal on May 31, 2007. [Everett's] Petition for Allowance of Appeal was denied on May 22, 2008.

Thereafter, on January 11, 2010, [Everett] filed a fifth *pro se* petition for post-conviction collateral relief. After conducting a review of the record, [Everett's] reply to the Commonwealth's

Motion to Dismiss and response to the court's notice of dismissal pursuant to Rule 907, th[e PCRA c]ourt dismissed [Everett's] motion on April 15, 2011.

*Commonwealth v. Everett*, No. 1315 EDA 2011, unpublished memorandum at 1-3 (Pa. Super. filed May 1, 2012) (citation omitted). This Court affirmed the dismissal of Appellant's fifth PCRA petition on May 1, 2012. *Id.* at 1.

On May 18, 2012, Everett, *pro se*, filed [his sixth] PCRA Petition . . . Everett subsequently filed two Amended Petitions, one in July 2012, and one in August 2013. . . . The PCRA court dismissed Everett's Petition as untimely filed on December 4, 2015.

*Commonwealth v. Everett*, No. 228 EDA 2016, unpublished memorandum at 1-2 (Pa. Super. filed November 23, 2016) (footnote omitted). This Court affirmed the dismissal of Appellant's sixth PCRA petition on November 23, 2016. *Id.* at 1.

On July 21, 2017, Appellant filed his seventh, *pro se*, PCRA petition, arguing that the prosecution lacked jurisdiction to prosecute him and that the trial court lacked subject matter jurisdiction. PCRA Pet., 7/21/2017, at 10.[2]

On October 6, 2017, the PCRA court entered a notice of intent to dismiss all claims without a hearing pursuant to Pa.R.Crim.P. 907 ("Rule 907 Notice"). Appellant filed a response. The response does not request to amend the PCRA petition.

---

[2] The petition did not plead any of the exceptions to the timeliness requirements pursuant to 42 Pa.C.S. § 9545(b)(1). *See generally* PCRA Pet., 7/21/2017.

On November 7, 2017, the PCRA court dismissed Appellant's petition.

On November 22, 2017, Appellant filed this timely appeal.[3]

Appellant presents the following issues for our review:

Whether the Hon. Judge Steven R. Geroff violated his <u>oath of office</u>, <u>due process/equal protection</u>, and a <u>grave error of law</u> in failing to hold evidentiary hearing , compelling the states attorney to bring froth the proof of law and facts to established the nature/cause of Appellant/Petitioner's <u>past/present</u>, and unlawful restraint of his liberty, from a void judgment, in that:

<u>Trial Court/District Attorney Office:</u>

a. <u>Lacked Subject Matter/Persona Jurisdiction</u> over the matter #8601-0025-26-27, CC-CR-51-CP-0100251-1986 as established by the Pennsylvania Constitution.

b. <u>Utilized Unlawful, Inapplicable Stateus,</u> (ie. <u>Title 18Pa. CSA §§ 2502(a)-907(a)</u> for the purpose of establishing an illegal jurisdiction over the matter in violation of Pennsylvania Constitution.

c. The Late Hon. Juanita K. Stout, further lacked <u>Statutory Authority</u> to impose <u>LIFE IMPRISONMENT,</u> where <u>sentencing Statutes</u> (i.e. <u>1102(a)-1311(d)</u> of <u>Title 42 Pa. CSA</u> were <u>unconstitutional</u> on there face, at the time of Appellant/Petitioners Sentence, <u>January 27, 1988.</u> [sic]

Appellant's Brief at 4 (emphasis in original) (some unnecessary capitalization omitted).

In reviewing an appeal from the denial of PCRA relief, "this Court is limited to ascertaining whether the evidence supports the determination of

_____

[3] Appellant simultaneously filed a concise statement of errors complained of on appeal. However, on December 27, 2017, the PCRA court entered an order instructing Appellant to file a concise statement of errors complained of on appeal. On January 29, 2018, Appellant filed another concise statement of errors complained of on appeal, different from the one that he filed with his notice of appeal. The PCRA court entered its opinion on June 11, 2018.

the PCRA court and whether the ruling is free of legal error." ***Commonwealth v. Andrews***, 158 A.3d 1260, 1263 (Pa. Super. 2017) (citation omitted).

The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final, unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in section 9545(b) of the statute. ***See*** 42 Pa.C.S. § 9545(b)(1).[4] Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." ***Id.*** § 9545(b)(2).[5] In the current

---

[4] The three exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

[5] Section 3 of Act 2018, Oct. 24, P.L. 894, No. 146, changed the timeframe of 42 Pa.C.S. § 9545(b)(2) from 60 days to one year. The change was effective

appeal, the PCRA court concluded that it lacked jurisdiction over Appellant's seventh PCRA petition, because the petition was untimely and failed to satisfy an exception to the PCRA's time bar. PCRA Court Opinion, filed June 11, 2018, at 2-3.

Judgment of sentence becomes final thirty days after this Court affirmed the judgment of sentence. Pa.R.A.P. 1113. This Court affirmed Appellant's judgment of sentence on November 2, 1988. As he did not petition the Supreme Court of Pennsylvania for allowance of appeal, his judgment of sentence therefore became final on December 2, 1988.

Appellant had one year thereafter to file a PCRA petition – *i.e.*, until December 4, 1989.[6] 42 Pa.C.S. § 9545(b)(1). Appellant filed the current petition on July 21, 2017 -- over a quarter of a century late. Therefore, appellant's petition was patently untimely, and he has not pleaded a timeliness exception to the requirements of the PCRA. Consequently, the PCRA court was without jurisdiction to review the merits of Appellant's claim and properly dismissed his petition.

---

on December 24, 2018, and applied retroactively to claims arising on December 24, 2017, or thereafter. Appellant's seventh PCRA petition was filed on July 21, 2017. Thus, the expansion of time to file a claim to one year does not apply to the instant petition.

[6] December 2, 1989, was a Saturday; the next business day was Monday, December 4, 1989. *See* 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

Having discerned no error of law, we affirm the order below. **_See_**

**_Andrews_**, 158 A.3d at 1263.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/19/2019