J-S22011-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WARREN HENDERSON | : | |
| | : | |
| Appellant | : | No. 44 EDA 2022 |

Appeal from the PCRA Order Entered November 19, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1133611-1990

BEFORE:  BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED JULY 27, 2022**

Warren Henderson appeals *pro se* from the order[1] denying as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

_____

[1] Appellant filed the *pro se* notice of appeal within thirty days of the November 19, 2021 order dismissing his PCRA petition; however, he failed to identify the date of that order on the notice of appeal.  On January 6, 2022, this Court issued a rule to show cause why the appeal should not be quashed due to Appellant's failure to identify the date of the order or include a statement that the order has been entered on the trial court docket.  Appellant failed to respond to the rule to show cause and the matter was deferred to this panel. As it is apparent from the certified record that (1) this appeal stems from the November 19, 2021 order, a reality that neither the PCRA court nor the Commonwealth contests; and (2) the order was, in fact, entered on the docket, we will not dismiss the appeal. *See*, *e.g.*, *Commonwealth v. Rivera*, 266 A.3d 647 (Pa.Super. 2021) (non-precedential decision at *1) (holding, because "it is obvious from the criminal docketing statement" which order the appellant is appealing, "we will entertain this timely appeal despite the inadequacy of the notice"); *Commonwealth v. Poulson*, 260 A.3d 137 (Pa.Super. 2021) (non-precedential decision at *1 n.2) ("A failure to comply
*(Footnote Continued Next Page)*

In dismissing a prior untimely PCRA, we outlined the facts and procedural history as follows:

> Appellant abducted and murdered his victim, Howard Robinson, a rival drug seller who refused to stop selling on the defendant's corner. On his apprehension, police found a .357 magnum nearby, which ballistics evidence later confirmed to be the weapon that fired the six fatal shots. Appellant represented himself at trial, with back-up counsel. He presented an alibi defense and asserted that Kendall Reese, the Commonwealth's eyewitness, who testified that he was Appellant's companion that night, was the actual shooter.
>
> On October 4, 1991, a jury convicted Appellant of first degree murder, possessing an instrument of crime and carrying a firearm on a public street or place. In the penalty phase the jury declined to impose the death penalty. Accordingly, on October 7, 1991, the trial court sentenced him to life imprisonment and a consecutive two-and-[one]-half to five year term for possessing an instrument of crime. This Court affirmed Appellant's judgment of sentence on March 7, 1994. *Commonwealth v. Henderson*, 644 A.2d 805 (Pa. Super. 1994) (unpublished memorandum). Our Supreme Court denied allowance of appeal on July 12, 1994. *Commonwealth v. Henderson*, 646 A.2d 1176 (Pa. 1994).

*Commonwealth v. Henderson*, 47 A.3d 1239 (Pa.Super. 2012) (unpublished memorandum at 1-2) (some quotations and internal citations omitted).

Appellant filed his first untimely PCRA petition in 1997. He alleged, *inter alia*, that one of the jurors that convicted him was a former assistant district

---

with Pa.R.A.P. 904 will not result in a dismissal of the notice of appeal as long as the notice of appeal is timely filed." *Commonwealth v. Simmons*, 264 A.3d 366 (Pa.Super. 2021) (non-precedential decision at *1 n.1) (same). *See also* Pa.R.A.P. 126(b) (stating, non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

attorney who had previously prosecuted him for other crimes. ***See*** PCRA Petition, 4/4/97, at 3. The certified record does not reveal the disposition of that PCRA petition but in denying a subsequent petition for federal *habeas* relief filed in 2012, the United States District Court indicated the petition was dismissed as untimely on June 6, 1997. ***See Henderson v. Cameron***, 2014 WL 92484, at *3 (E.D. Pa. 2014).

The next document in the certified record, and the next docket entry following the 1997 PCRA petition, is Appellant's counseled PCRA petition filed on October 30, 2006. The court dismissed this petition as frivolous on November 9, 2007, and permitted counsel to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 926 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 215 (Pa.Super. 1988). Significantly, counsel's no-merit letter included a reference to Appellant's desire to pursue a claim that "the head jury person was planted on [Appellant's] jury and that it was the same ADA who prosecuted him when he was 18." No-Merit Letter, 9/5/07, at 4. In the letter, counsel explained that the claim was waived because Appellant, who represented himself during trial, did not object to the alleged irregularity during trial. ***Id***. Counsel also noted that the claim was not after-discovered

evidence because Appellant "failed to provide any time-frame for the discovery of the alleged irregularity." ***Id***.[2]

Approximately fifteen months later, Appellant filed a subsequent PCRA petition that did not reference any issues concerning the composition of the jury. The PCRA court dismissed the petition as untimely on October 6, 2011. We affirmed. ***Henderson***, ***supra*** (unpublished memorandum at 9).

On July 1, 2019, Appellant filed the instant, serial petition. The PCRA court gave notice of its intent to dismiss the petition as untimely pursuant to Rule 907, and Appellant filed a response that did not invoke an exception to the PCRA time bar. On November 19, 2021, the PCRA court dismissed the petition and issued a concomitant Rule 1925(a) opinion reiterating that Appellant's PCRA petition was time-barred. This timely *pro se* appeal ensued. Having previously authored its opinion, the court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a).

At the outset, we observe that Appellant's brief is defective for several reasons including the fact that he neglected to present a statement of

---

[2] The aforementioned federal *habeas* petition, filed March 25, 2012, asserted, *inter alia*, that PCRA counsel was ineffective for "failing to contact or subpoena two former assistant district attorneys to testify regarding a juror he believes was a former prosecutor[.]" ***Henderson v. Cameron***, 2014 WL 92484, at *4 (E.D. Pa. 2014). The petition was summarily dismissed. ***Id***.

questions involved as required by Pa.R.A.P 2116(a)(4).[3] Nevertheless, we glean the crux of his contention from the argument section of his handwritten brief. Plainly, Appellant asserts that the PCRA court erred in denying him relief on his resurrected claim that two Commonwealth prosecutors conspired to place an unidentified former Assistant District Attorney on the jury during the murder trial. *See* Appellant's brief at 2-3, 5-6. Appellant also asserts that standby trial counsel provided ineffective assistance generally because counsel did not "assist . . . petitioner in the mistakes he made" during the trial. *Id*. at 7.

In reviewing the denial of PCRA relief, "this Court is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error." *Commonwealth v. Andrews*, 158 A.3d 1260, 1263 (Pa.Super. 2017). "It is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Stansbury*, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up). As noted, the PCRA court ruled that the petition was untimely.

---

[3] In addition, Appellant's brief is in violation of Pa.R.A.P. 2111(a)(2), (3), (5), (6), (10) and (12), respectively, because he failed to include each of the following: the order in question; a statement regarding the scope and standard of review; and a summary of the argument; and he neglected to append the trial court opinion to the brief or certify compliance with Pa.R.A.P 127 concerning confidential information. *See* Pa.R.A.P. 2111(a). However, since Appellant's apparent disregard for the Rules of Appellate Procedure did not impede our review, we do not dismiss the appeal pursuant to Pa.R.A.P. 2101, *e.g.* "if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be . . . dismissed."

Since the timeliness of the petition implicates our jurisdiction, we must address that threshold issue first.  *See Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa.Super. 2019).

It is well settled that a PCRA petition, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final.  42 Pa.C.S. § 9545(b)(1).  The judgment of sentence becomes final at the conclusion of direct review, or at the expiration of the time for seeking the review.  Herein, Appellant's judgment of sentence became final on October 10, 1994, ninety days after our Supreme Court denied allowance of appeal, and the time for filing a writ of certiorari to the United States Supreme Court expired. *See* U.S.Sup.Ct.R. 13.  Thus, in order to have been timely, any PCRA petition had to be filed within one year of that date.

The instant petition filed on July 1, 2019, is patently untimely.  However, if Appellant has pled and proven one of the limited exceptions to the one-year time bar for filing the petition set forth in 42 Pa.C.S. § 9545(b)(1)(i-iii), we can address the merits of the petition.  Those exceptions include:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b).

The petitioner bears the burden of pleading and proving a timeliness exception. **Commonwealth v. Pew**, 189 A.3d 486, 488 (Pa.Super. 2018). In addition, a petitioner invoking one or more of the exceptions must file his petition within one year of the date the claim first could have been presented. 42 Pa.C.S. § 9545(b)(2).

Instantly, Appellant invoked the newly-discovered fact exception by checking the designated box of the preprinted PCRA form and reciting the following facts in support of his claim: "There was a juror [who] was involved with another case that I was tried for, and furthermore, [she was a former] District Attorney and friends with the prosecutor on my case[,] all known of course by the prosecutor who was trying my case[.]  This was a miscarriage of justice and prosecutorial misconduct."  PCRA Petition, 7/1/19, at 3.[4] Presuming, *arguendo*, that Appellant's issue was not previously litigated pursuant to 9544(a)(3), *i.e.*, "it has been raised and decided in a proceeding collaterally attacking the conviction or sentence," in his prior untimely PCRA petitions filed in 1997 and 2006 or the 2012 petition for federal *habeas* relief, the instant exception fails for the reasons explained in prior PCRA counsel's no-merit letter—Appellant neglected to state when he discovered the irregularity.

---

[4] On August 26, 2019, Appellant filed a supplemental PCRA petition that paralleled the July 2019 petition in all material respects.

To prevail using the newly-discovered fact timeliness exception, a petitioner must establish that: (1) the facts upon which the claim was predicated were unknown; and (2) this information could not have been ascertained by the exercise of due diligence. **Commonwealth v. Cox**, 146 A.3d 221, 227 (Pa. 2016). Thus, it not simply the matter of a previously unknown fact, "[a] petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence." **Commonwealth v. Monaco**, 996 A.2d 1076, 1080 (Pa.Super. 2010). "Due diligence requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief, but does not require perfect vigilance or punctilious care." **Commonwealth v. Hart**, 199 A.3d 475, 481 (Pa.Super. 2018) (cleaned up) (internal quotes and citation omitted).

Instantly, Appellant's claimed exception fails because he cannot establish the existence of a newly-discovered fact that he could not have uncovered earlier with due diligence. As noted, *supra*, Appellant asserts that the Commonwealth surreptitiously planted a former assistant district attorney in his jury. As Appellant first raised this claim in 1997, it is not a newly-discovered fact. Furthermore, presuming that Appellant discovered a new aspect of the known plot, he still failed to disclose when he discovered that fact or explain why it could not have been revealed sooner through the exercise due diligence. **See** PCRA Opinion, 11/19/21, at 2. Indeed, absent a

date of discovery, Appellant cannot even establish the threshold requirement pursuant to 42 Pa.C.S. § 9545(b)(2), that he filed this petition within one year of the date that the claim first could have been presented.

Appellant's brief does not shed additional light on his claimed exception. It does not identify a date of discovery or describe any efforts that he took to uncover the treachery in the twenty-eight years that have elapsed since he was convicted by the jury that he argues was stacked against him.[5] As Appellant did not set forth when he learned of the newly-discovered facts and how he exercised due diligence in discovering those facts, he failed to establish the applicability of the PCRA timeliness exception outlined in § 9545(b)(1)(ii), and the PCRA court lacked jurisdiction to address the merits of his claim. **See e.g., Cox**, **supra** at 231 (holding, failure to establish § 9545(b)(1)(ii) exception to jurisdictional time-bar precludes court from reaching merits of issued raised in untimely filed petition).

Accordingly, we affirm the PCRA court's order.

Order affirmed.

_____

[5] Similarly, Appellant's claim that standby counsel provided ineffective assistance does not permit him to circumvent the PCRA time bar. Presuming, *arguendo*, that Appellant can assert the ineffectiveness of standby counsel when Appellant was, in fact, the attorney of record, it is axiomatic that, absent an allegation of abandonment or the complete denial of counsel, ineffective assistance is not a newly-discovered fact for purposes of subsection § 9545(b)(1)(ii). **Commonwealth v. Bennett**, 930 A.2d 1264, 1272-73 (Pa. 2007).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/27/2022